Wash, J.,
delivered the opinion of the Court.
Tiernan, the defendant in error, made application to the Circuit Court for a writ of prohibition to be directed to one John Trimble, a Justice of the Peace for the County of Washington, commanding him to forbear issuing an execution on a certain judgment rendered by him against said Tiernan, in favor of said Wilson,, which was granted accordingly ; to the granting of which writ Wilson objected and excepted to the opinion of the Court, and now seeks to reverse the same in this Court. The facts as they are stated in the bill of exceptions are, that on the 13th of November, 1824, Wilson obtained judgment against Tiernan before George McGahan, a Justice of the Peace for the County of St. Francois, for the sum of $13 92. Afterwards in July, 1825, upon a transcript of said judgment, Wilson sued Tiernan before Henry Shurlds, a Justice of the Peace for Washington County, and had. judgment and execution, on which a part of the money was made. And again in November, 1833, Wilson obtained a second transcript of the judgment from the docket of Justice McGahan, and on this transcript last obtained, the aforesaid Justice Trimble issued a scire facias against the defendant in error, to show cause why execution should not issue against him, and on the failure of the defendant to show cause, said Justice awarded execution for the debt specified in the transcript with interest and costs; and to prevent the Justice from issuing execution accordingly, Tiernan applied to the Circuit Court for the writ of prohibition as aforesaid.. For the plaintiff in error it is-insisted, that the Justice of the Peace had jurisdiction of the subject matter and that the Circuit Court had no power to grant the prohibition. Other points have been raised on both sides, but this-is the only question that we deem material to consider, and on this we think the law is clearly with the appellee.
A stronger case for the exercise’of the superintending, control given by the Constitution (to the Circuit Courts over Justices of the Peace,) could hardly have occurred. The Justice might just as well have issued-.a death warrant as a scire facias against Tiernan, so far as the law is concerned. The process was utterly null and void and gave no jurisdiction either of the person or subject matter; The Circuit Court therefore, very properly restrained the Justice from proceeding farther, and.its judgment is affirmed.