Day and others *vs.* Rice and others.

The statute staying an execution on a judgment, for one year after the death
of the party against whom it is rendered, does not prohibit an execution
for that period, where the judgment is against the deceased defendant to-
gether with others, and satisfaction is sought out of the property of the other
defendants.

March, 1839.     MOTION to set aside a *fi. fa.* for irregularity.  The judg-
ment was recovered November 5, 1838.  On the 9th

November a *fi. fa.* was issued to the sheriff of Seneca county, where Henry Woolsey, one of the defendants, lived. On the 20th of that month Woolsey died, and in December following the plaintiffs, for the purpose of reaching the property of Rice, and another defendant, who lived in Yates, issued a *fi. fa.* to that county, tested the 27th October, and returnable at the next January term.

ALBANY, March, 1839.

The People. v. Cortland C. P.

P, *Cagger*, for the surviving defendants, moved to set aside the last *fi. fa.* on the ground that it was irregularly issued after the death of Woolsey, and cited 2 R. S. 368, § 27.

*S. M. Woodruff*, contra.

*By the Court*, BRONSON, J. The second execution was regularly tested of a time when all the defendants were alive; and the plaintiffs did not seek to reach the property of Woolsey, but of the surviving defendants. There can be no doubt that this proceeding was regular at the common law; and I think the statute only applies to the case of a sole defendant, who dies after judgment, and before execution, or where the plaintiff attempts to take the property of a deceased defendant. See *Nichols* v. *Chapman*, 9 Wend. 452, *Stymets* v. *Brooks*, 10 Wend. 206.

Motion denied.