## BARRON, Adm'r, v. PAGLES, et al.

1. A *scire facias* calling on the defendant to show cause why the plaintiff, as administrator, should not have execution on a judgment which had been superseded by a writ of error bond, and affirmed in the Supreme court, must issue out of the court which rendered the judgment so affirmed, and not out of the Supreme court.

Error to the County Court of Mobile.

*Scire facias* from the county court of Mobile, by the plaintiff in error, against the defendant in error, to show cause why he should not have execution on a judgment rendered in Mobile county court, in favor of his intestate, and affirmed on writ of error to the supreme court.

The defendants demurred to the *scire facias*, and the court sustained the demurrer and quashed the proceeding, which is now assigned for error.

Dargan, for plaintiff in error.

Stanly, *contra*—objected that the *sci. fa.* did not show with sufficient certainty, in which court the judgment of the defendant was obtained. That it did not appear by whom the sheriff was commanded to make known the contents of the *sci. fa.* [5 Bos. & Pul. 104; Chitty's Pl. 242.] It is not shown in which court the record remains, whether in the county or supreme court. Lastly, as the judgment of the county court was merged in the judgment of the supreme court, the *sci. fa.* should have issued from that court, and that it has power to do so. [See 2 Stewart, 463.] He also cited Com. Dig. Pleader, 3 L. 3: 2 Tidd's Prac. 1,007; 2 Sellon's P. 198; Arch. Forms, 432; 9 Mass. 522.]

ORMOND, J.—We do not think any of the objections taken to this *scire facias.* can prevail. The objection to the command of the writ is, that it is not addressed *to any sheriff of the State of Alabama.* The language employed is, "to any sheriff of *said*

State. This certainly refers to the State of Alabama, in the margin or venue, and at most, could only be reached by a special demurrer.

The objection mainly relied on, is, that the *scire facias* does not show that the record of the judgment is in the county court, but that it appears to be in the supreme court, out of which the *sci. fa.* should have issued.

By the affirmance of a judgment in this court, superseded by a writ of error bond, the judgment of the inferior court is merged in the judgment of this court, as was held in Wiswall v. Munroe, [4 Ala. 9,] but it does not necessarily follow, that the record remains in this court. The statute, [Clay's Dig. 309, § 14,] requires the clerk of this court to certify the judgment to the clerk of the court, from which the cause came, whose duty it is to issue execution on the affirmed judgment. The effect of this is, and such was doubtless the design of the statute, to remove the record of the judgment into the inferior court. It would be a singular anomaly, if the record should remain in one court, and the power to issue execution was given to the ministerial officer of another. The certificate of the clerk of this court becomes the record of the affirmed judgment. These facts being distinctly alleged in the *scire facias*, show that the record is remaining in the court out of which the *scire facias* is sued out. The court, therefore, erred in sustaining the demurrer to the *scire facias,* and its judgment is reversed, and the cause remanded.