## WARREN, Ex'R, *vs.* RIST, ADM'R.

1. Where a *scire facias* to revive a judgment recites that B. W. in his life time, "under the style and description of B. W.. administrator of all and singular the goods and chattels, rights and credits of E. J. C., deceased," recoverd a judgment, &c., it cannot be intended that the judgment was recovered by him as administrator, but the words "style," &c. must be regarded as descriptive merely.
2. Under the act of 1821, (Clay's Dig. 227, § 30,) the administrator *de bonis non* of an estate is the proper person to revive and enforce a judgment belonging to the estate, and recovered in the name of the deceased administrator in chief.

Error to the Circuit Court of Barbour. Tried before the Hon. Geo. Goldthwate.

BUFORD, for plaintiff.

SAYRE, for defendant :

1. The only question presented on the record, is as to the right of the executrix of an administrator to revive by *sci. fa.* a judgment obtained by the testator in his representative character.

2. The executor of an administrator does not represent the first intestate—2 Sand. 720, note; 2 Tidds Pr. 1118; 2 Blac. Com. 506; Dunham v. Grant, 12 Ala. 105; 7 ib. 478; 6 ib. 579; the demurrer was therefore properly sustained.

PARSONS, J.—The plaintiff in error, as executrix of Burris Warren deceased, brought her *sci. fa.* in the Circuit Court of Barbour, to revive a judgment which her testator had recovered against Edward Warren, who died pending the suit, and it was revived *against* his *administrator* Calvin Rist. The *sci. fa.* recites that Burris Warren, in his life time, in his action of assumpsit, "under the style and description of Burris Warren, administrator of all and singular the goods and chattels, rights and credits of Edwin J. Cole deceased," recovered a judgment against said Edward Warren, &c. The defendant below demurred to the *sci. fa.* and the demurrer was sustained. It was sustained, as we infer, upon the ground that the representative of Burris Warren deceased could not proceed to revive a judgment, which he, Burris Warren, had recovered as an administrator. But we think it does not legally appear by the *sci. fa.* that the judgment was recovered by him as administrator. The *sci. fa.* states that he brought the suit by the style and description, &c., but this, according to the authorities, was merely a description of the person. King & Clark v. Griffin, 6 Ala. Rep. 387; 1 Chit. Pl. 253. If in truth he recovered the judgment as administrator, and if it continued to be assets of the estate of his intestate, that fact should have been pleaded. In this mode, the question could have been tried.—Dunham v. Grant 12 Ala. 105; Harbin v. Levi, 6 Ala. 390. The judgment must be reversed upon this ground, but it is probable that the question will arise in the further progress of the cause in the Circuit Court, which was doubtless the real ground of sustaining the demurrer. If it should be pleaded that Burris Warren recovered the judgment as administrator, &c., that will present the question whether the debt due to his intestate's estate and the right to control it belongs to the personal representative of the first administrator, or to the administrator *de bonis non* of his intestate, Mr. Cole, if either. This precise question is now for the first time, so far as we are aware, to be settled in this court. It appears

that at common law an administrator *de bonis non* could not have a *scire facias* upon a judgment obtained by the original executor or administrator, for he comes paramount the judgment and is no party thereto.—1 Williams on Ex. 583; Snape v. Norgate, Crown Cases, 167. But this was altered in England by statute, and we think it is altered here by our statute of 1821, which says:—" Where any suit may have been commenced on behalf of, or against any personal representative, or representatives of any testator or intestate, the same may be prosecuted by or against any person or persons who may afterwards succeed to the administration or executorship; such person or persons may, at any time, be made parties on motion, and the same shall proceed in the same manner, and judgment therein be in all respects as effectual as if the same were prosecuted by or against the parties originally named. Where any personal representative or guardian shall be displaced, all moneys due to him or her in such right, by execution or otherwise, shall be paid to his or her successor." Clay's Digest, 227, § 30. If this statute were taken literally it would not extend to the case of a judgment recovered in the life time of the first representative, and the last part of it seems to make a distinction between deceased and delinquent representatives. This distinction is frequently made by our statutes, and has led to decisions which require some scrutiny to be distinguished from the present, which is the case of a deceased administrator, who may have been in no fault. But before we come to the distinction suggested in the above cited act, we find language so general as certainly to include the successor of a deceased administrator, and this leaves but the single question, whether the act extends in such case to a suit after judgment in favor of the first administrator. Without going further, we can perceive in the above recited act a purpose to pass the choses in action of a representative, as such, to his successors, and this is so in all cases. If we carry out this design of the Legislature, we must construe this statute more with a view to its object than to its letter. The Legislature was aware, that at the common law, a judgment recovered by an administrator could not be enforced by an administrator *de bonis non* of the same estate. They were also aware of the English statute, which enabled the administra-

tor *de bonis non* to do this. They were aware too of the loss and inconvenience which the English statute prevented; and we think our Legislature intended to produce the change which was accomplished by the English statute, although the language adopted is far less clear. We conclude, therefore, that an administrator *de bonis non* may become a party to the proceedings in such cases, as well after as before judgment, in the manner prescribed by the act.

Let the judgment be reversed, and the cause remanded.