Duncan, adm'r, v. Hargrove et als.

---

## DUNCAN, ADM'R, vs. HARGROVE ET ALS.

1. Under the act of 1821, the administrator *de bonis non* is the proper party to revive a judgment recovered by the first administrator as such, he having died after its recovery.

2. In a proceeding by *scire facias* to revive a judgment affirmed in the Supreme Court, it is not necessary to aver that the judgment of af-

firmance has been *certified* to the court below. An averment that the judgment of the Circuit Court was affirmed, &c., "as by the record and proceedings thereon, remaining in the said Circuit Court, will more fully appear," is sufficient on general demurrer.

3. The objection, that, although some of the defendants may reside in another county, branch writs of *scire facias* cannot issue to revive a judgment against them, if of any force, is not available on general demurrer.

Error to the Circuit Court of Russell. Tried before the Hon. John J. Woodward.

This was a proceeding by *scire facias* instituted by the plaintiff in error, as administrator *de bonis non* of Francis Williams, deceased, to revive a judgment recovered by Milton Williams, the former administrator, in his life-time, against the defendants in error. Two of the defendants resided in St. Clair county, to which county branch writs were issued for them. The declaration, after setting out the recovery of the judgment in the Circuit Court of Russell by the said Milton Williams, as administrator, and the removal of said judgment by writ of error to the Supreme Court, avers that the judgment of said Circuit Court was in said Supreme Court affirmed, " as by the records and proceedings thereon, remaining in said Circuit Court, will more fully appear," &c. To this declaration there was a demurrer, which was sustained by the Circuit Court. The ruling of the court on the demurrer is now assigned as error.

Geo. D. Hooper, for the plaintiff.

Belser, for the defendants:

1. The declaration should have averred that the Clerk of the Supreme Court had certified the judgment of the Supreme Court to the Circuit Court.—Barron v. Pagles et al., 6 Ala. 422; McCollum v. Herbert, 12 ib. 282. And in certain issues this certificate alone will not prove that the case has been sent back to the primary court, &c.—Draughan v. Bank, 3 Stew. 54. It is believed that the declaration is defective in not distinctly stating how the record has come from the appellate to the primary court.

2. The declaration, independent of this, is not sufficiently

certain and descriptive in its terms. The pleader has chosen to make the *scire facias* the writ.—Toulmin v. Bennett, 3 Stew. & Port. 220.

3. There is no authority to issue *a branch scire facias* in such a case as this, and it connects itself with the declaration, because it is revived against all the defendants served: And the declaration in this case is substituted for the *scire facias*, at the instance of the pleader.—Toulmin v. Bennett, 3 Stew. & Port. 220. It is believed that our statute, about joint obligors, does not reach this case.—Clay's Dig. 322, § 59.

PARSONS, J.—It was held in the case of Warren's Ex'r v. Rist, 16 Ala. 686, that, under the act of 1821, the administrator *de bonis non* of an estate is the proper person to revive a judgment recovered by the first administrator as such, he having died after the recovery. This disposes of the first question in this case.

2. It is now contended for the defendant in error, that the declaration should have averred that the Clerk of the Supreme Court had certified the judgment of that court to the Circuit Court. The declaration avers the recovery of the judgment in the Circuit Court; the writ of error; that the writ of error was by the Supreme Court dismissed, and that the judgment of the Circuit Court was here affirmed and judgment rendered accordingly, " as by the record and proceedings thereon, remaining in the said Circuit Court, will more fully appear," &c. It is settled that the *sci. fa.* to revive this judgment was issued correctly from the Circuit Court, in which alone the judgment could be revived.—Barron, adm'r, v. Pagles et al., 6 Ala. 422. The judgment of this court, in such cases, is to be certified to the Circuit Court. The record of this court is thus removed, so far as necessary in this proceeding, into the Circuit Court. The declaration refers to the record of this court remaining in the Circuit Court, by the words, " as by the record," &c. quoted above. The objection made by the demurrer in this case is not, therefore, that the record is not there, or that there is no such record, but it is that it is not stated that it went there by certificate. However material the certificate might be upon some questions, we think it is not material on a demurrer, and more especially a general demurrer, under the statute.

3. It is contended that there is no authority to issue branch writs of *sci. fa.* in such a case as this, where the defendants reside in different counties. If that were admitted, which we do not decide, however, the answer is that a demurrer to the declaration is not the appropriate mode of making the objection. We think there was error in sustaining the demurrer to the declaration. Let the judgment be reversed, and the cause remanded.