STEUBEN COUNTY.—HON. GEORGE T. SPENCER, SURROGATE.— SEPTEMBER, 1876.

## HAMMOND v. HOFFMAN.

*In the matter of the petition of* AMARIAH HAMMOND, *a judgment creditor of* PHILIP HOFFMAN, *deceased.*

One who holds a judgment against the decedent and a third person recovered for a cause of action such as dies with the person, is not entitled to an order requiring the executor or administrator or the decedent to pay an equal share of the judgment.

*It seems* that upon the death of one bound by a joint judgment for such a tort, the creditor cannot enforce payment from the estate, until he has exhausted his remedy against all the survivors.

The fact that some of the survivors are insolvent, and that another of them may therefore be compelled to pay the whole judgment, without remedy by contribution does not give the creditor a right to pursue the estate.

THIS proceeding was a petition, by a judgment creditor, for an order requiring the administrators of Philip Hoffman, deceased, to pay a portion of a judgment recovered by petitioner's assignor against the deceased, and three others jointly in an action of defamation.

The petitioner was the assignee of the judgment which was recovered by one Peter Engel against Jacob Landre, Jacob Landre, Jr., Philip Hoffman, the decedent, and John J. Fox, for $968.24 April 19, 1871. His application was to compel the administrators of the estate of the defendant, Philip Hoffman, to pay, with the sum

of $333. paid by said Hoffman in his life-time, such a further sum as should amount to one half the judgment. The precise sum claimed was $213.05 with interest from July, 23, 1873. The ground of the application seemed to be that the other judgment debtors, Jacob Landre Jr., and Fox, were insolvent, and unless the estate of Hoffman should be made to contribute, Jacob Landre who, it appears, was responsible, would be compelled to pay the whole balance of the judgment. It was alleged, and not denied, that there were sufficient assets in the hands of the administrator of the Hoffman estate, to pay the sum now demanded, and which, it was also alleged, they had refused to pay, on the demand of the petitioner.

CHAS. J. BISSELL, *for the petitioner.*

G. H. McMASTER, *for the administrators.*

THE SURROGATE.—It is conceded that upon the death of one of several joint debtors the creditor cannot resort to his estate, till he has exhausted his remedy against the survivors or made it appear that they are insolvent; (*Hosack* v. *Rogers*, 25 *Wend.*, 313, 319-20; *Voorhis* v. *Child*, 17 *N. Y.*, 354.) But it is claimed that as the original liability on which the judgment was recovered, was several as well as joint, the judgment itself may be treated as joint and several, or that it is competent to go back of the judgment to the original liability for the purpose of this remedy.

This principle may be invoked in the case of a judgment upon contract, for the purpose of protecting the equitable rights connected with the original relations of the parties. (*Clark.*v. *Rowling*, 3 *N. Y.*, 216.) But my attention has not been called to any case in which it has been applied to a judgment for a tort, especially when the cause of action was one which died with the person.

In such a case, there is no debt till the judgment is rendered, and in such judgment the cause of action is completely merged.

But if it were otherwise, I am unable to see that the judgment creditor in this case occupies a position which entitles him to the aid of the principle referred to. It is a matter of no interest to him, that one judgment debtor rather than another, should be compelled to pay the judgment. His remedy for its collection is simply against the survivors.

The fact that no contribution can be inforced between the judgment debtors, does not concern him. The death of one of them is no obstacle to enforcing payment or satisfaction against the survivors by execution. (*Day* v. *Rice* 19 *Wend.*, 644; 2 *Tidd Practice,* 162). This judgment creditor is under no present necessity at least to resort to this court for and against the estate of the deceased joint judgment debtor.

This application is evidently made in the interest, if not at the instance, of the surviving judgment debtors, and as an indirect means of compelling a contribution by Hoffman estate, to the payment of the judgment For this purpose the petitioner has no standing. He can maintain no action on the judgment except against the survivors. He cannot have an action, in the nature of, or as a substitute, for a *sciri facias* against the heirs of Hoffman, to hear execution of the judgment, without showing that there is no property of the other judgment debtors out of which satisfaction can be had. (*Woodcock* v. *Bennett,* 1 *Cow.* 739 : 2 *Tidd Practice,* 1033.

It is the duty of the Surrogate to protect the equitable rights of parties within the scope of his jurisdiction where they are involved in the proceeding before him. (*Goodyear* v. *Watson,* 14 *Barb.*, 481.) But in this case there does not appear to be any thing calling for the

interposition of his powers in this respect. The application must be denied.

Ordered accordingly.