No. 187.

CONNER v. NEFF.

JUDGMENT.—*Execution on After Ten Years.— Venue.*—A proceeding to have execution issued upon a judgment after the lapse of more than ten years, while for some purposes regarded as an action, is not considered as a new suit, but the continuation of an old one, and it should be instituted in the court where the judgment was rendered, regardless of the place of residence of the judgment defendants.

From the Miami Circuit Court.

*J. Mitchell, L. Walker* and *W. B. McClintic,* for appellant.
*S. D. Carpenter,* for appellee.

REINHARD, J.—This was a proceeding in the court below to have execution issued upon a judgment after the lapse of more than ten years. Section 675, R. S. 1881.

Two of the defendants were defaulted. The appellant, who was the third, filed a plea to the jurisdiction, averring that at the time of the commencement of the proceeding, neither of said defendants was a resident of Miami county, but that each of said defendants was then, and still is, a resident of some county in Indiana other than the county of Miami.

To this plea the appellee demurred, and the sustaining of the demurrer by the court is the only error assigned.

The question thus presented is, whether in a proceeding of the nature of this, as in ordinary civil actions, at least, one of the defendants is required to be a resident of the county in which the action is commenced, in order to confer jurisdiction upon the court of the persons of the defendants, or whether the proceeding should be instituted in the court where the judgment was rendered.

The proceeding is in the nature of a *scire facias* to revive a judgment. Such a writ, at common law, issued only out of the court where the record was. The statute has not changed the rule. While the proceeding is for some pur-

poses regarded as an action, it is not considered as a new suit, but the continuation of an old one. Freeman Judg., sections 442–444.

The application must be made in the court where the judgment was rendered regardless of the place of residence of the judgment defendants. *Thompson* v. *Parker*, 83 Ind. 96. The court, therefore, properly sustained the demurrer to the plea.

Judgment affirmed, with costs.

Filed May 13, 1891; petition for a rehearing overruled Sept. 19, 1891.