Filed Oct. 14, 1892.

---

No. 480.

## VAN DEVANTER, ADMINISTRATOR, ET AL. v. NIXON, EXECUTOR.

JUDGMENT.—*Motion for Leave to Issue Execution.—Filing of.—Pleadings not Contemplated.—Assignment of Errors.*—Where a motion is filed under section 675, R. S. 1881, for leave of court to issue execution on a judgment after the lapse of ten years from the entry thereof, no pleadings are contemplated or required and the action of the *nisi prius* court on pleadings filed can not be made a basis for the assignment of errors in the Appellate Court.

SAME.— *Omission in Motion.— Cured by Finding.*—While such a motion should state specifically that the judgment was rendered by the circuit court in which the motion was made, the defect is cured by the finding of the court that the judgment was so rendered.

From the Fountain Circuit Court.

*H. H. Dochterman*, for appellants.

*D. W. Simms*, for appellee.

ROBINSON, C. J.—This was a motion by the appellee against the appellant, under section 675, R. S. 1881, for leave of court to issue execution on a judgment after the lapse of ten years from the entry thereof.

It was shown by the motion, omitting the caption, etc., that the appellee, and his co-executor, Samuel Finney, of the last will of Peter S. Veeder, deceased, on the 28th day of December, 1876, recovered judgment against the appellants

Van Devanter, Administrator, *et al. v.* Nixon, Executor.

for $257.53 and costs, taxed at $35.25, and accruing costs; that certain payments, as shown therein, had been made on said judgment; that no execution had issued thereon within the last past ten years; that Samuel Finney was dead; that there was then due upon said judgment the sum of three hundred dollars, and asking for leave to issue execution thereon. The circuit court, as appears by the record, treated these proceedings as a civil action, and that the pleadings required in civil actions, under the code, applied to proceedings of this kind. The appellants filed an answer in three paragraphs. A demurrer was filed by the appellee, and sustained as to the third paragraph, and the appellee replied by general denial to the remaining paragraphs in the answer.

The issue was submitted to the court, finding for the appellee, and execution awarded on the judgment.

Section 675, *supra,* under which this proceedings was had, is as follows: "After the lapse of ten years from the entry of the judgment, or issuing of an execution, an execution can be issued only on leave of court, upon motion, after ten days' personal notice to the adverse party, unless he be absent or non-resident, or can not be found, when service of notice may be made by publication as in an original action, or in such manner as the court shall direct. Such leave shall not be given unless it be established by the oath of the party or other satisfactory proof that the judgment, or some part thereof, remains unsatisfied and due."

No pleadings are contemplated or required in proceedings of this kind. It is a simple motion to be heard by the court in a summary way, the only question being whether the judgment, or any part thereof, remains unsatisfied and due.

If the judgment defendant has any equities or cross-action, he must resort to his remedy by suit in which pleadings and a trial by jury can be had. Therefore the action by the court below on the pleadings can not be the basis for the assignment of error in this court. *Plough* v. *Reeves,* 33 Ind.

VOL 5.—20

181 ; *Blizzard* v. *Blizzard*, 40 Ind. 344 ; *Cox* v. *Dill*, 85 Ind. 334 ; *Evansville, etc., Co.* v. *State, ex rel.*, 73 Ind. 219.

The motion in this case should, perhaps, have been more specific in stating that the judgment was rendered by the Fountain Circuit Court, in which court the motion for leave to issue execution was made, but as by the finding of the court it appears that the judgment was rendered by the Fountain Circuit Court, in which court the motion was made, this defect in the motion was cured.

Judgment affirmed, at appellant's costs.

Filed May 10, 1892; petition for a rehearing overruled Oct. 15, 1892.