J. I. CASE THRESHING MACHINE COMPANY, APPELLANT, v.
    JONATHAN EDMISTEN ET AL.; JONATHAN HIGGINS,
    APPELLEE.

FILED OCTOBER 22, 1909.   No. 15,774.

Judgment: REVIVOR: JURISDICTION.   A district court in which the
    transcript of a judgment of another district court has been filed
    is without authority to revive the judgment by the statutory
    method of revival created by section 473 of the code, such power
    remaining in the court of original jurisdiction.

APPEAL from the district court for Furnas county:
ROBERT C. ORR, JUDGE.   Affirmed.

R. A. Moore, J. F. Fults and O. A. Abbott, for appellant.

Perry & Lambe and J. G. Beeler, contra.

ROSE, J.

This is a proceeding in the district court for Furnas
county to summon Jacob Betz and others as garnishees,
and to subject property of Jonathan Higgins in their
hands to the payment of a judgment in favor of plaintiff.
The judgment which plaintiff is thus attempting to en-
force was rendered against Higgins and others in the
district court for Nemaha county, Nebraska, November
20, 1878, for the sum of $799.19, and a transcript of the
record thereof was lodged in the district court for Custer
county September 2, 1889, where an order of revivor as to
Higgins was rendered February 14, 1908, plaintiff having
pursued the statutory method created by section 473 of
the code for the revival of judgments.   A transcript of
the record on file in the district court for Custer county
and a copy of the order of revivor there entered were filed
in the office of the clerk of the district court for Furnas
county March 12, 1908, and plaintiff alleges an execution
was subsequently issued from that court against Higgins
and returned unsatisfied.   After the garnishees had been

served with process the case was submitted to the district court for Furnas county on a motion by Higgins to quash the garnishment. This motion was sustained, and plaintiff appeals.

One reason for releasing the garnishees is stated in the motion as follows: "The said original judgment, if any was rendered, was so rendered in Nemaha county, Nebraska. The attempted revivorship proceeding was had in Custer county, Nebraska, and not in the said county where the original judgment was rendered, and is therefore void and without any authority of law." Plaintiff's lien in Custer county had expired long before there was any attempt to revive the judgment there. It was dormant before the revivor as to Higgins was entered. If the order renewing the lien was void, as asserted by Higgins in his motion, there was no foundation for the garnishment and it was properly quashed. Had the district court for Custer county authority in a proceeding under section 473 of the code to revive the dormant judgment transferred from the district court for Nemaha county? Plaintiff answers this question in the affirmative, and cites the following section of the code to sustain his position: "That the transcript of a judgment of any district court in this state may be filed in the office of the clerk of the district court in any county, and such transcript shall be a lien on the property of the debtor in any county in which such transcript is filed, in like manner as in the county where such judgment was rendered, and execution may be issued on judgment obtained by such transcript, as on the original judgment; *Provided,* that such transcript shall at all times be effected and be in the same plight as the original judgment." · Code, sec. 429*a*.

The purpose of the transfer being to enforce the original judgment, plaintiff argues that the district court for Custer county as a preliminary step had authority to make an order of revivor. Some Pennsylvania decisions were mentioned in the oral argument in support of this

21

doctrine, but an investigation will show that a statute of that state permitted the removal of a judgment from one common pleas court to another by exemplification, and that the statutory transfer included the power of revivor. *Nelson v. Guffey,* 131 Pa. St. 273; *Knauss's Appeal,* 49 Pa. St. 419; *Kendig & Lauman v. North,* 7 Del. Co. Rep. (Pa.) 574. The Nebraska statute upon which plaintiff relies authorizes an execution, but not a revivor. It does not make the jurisdiction of the district court for Custer county the same as that of the district court for Nemaha county. It leaves the court of original jurisdiction in complete control of its own judgment. That court has power to renew the lien, to cancel it for any lawful reason, to make orders respecting parties, to direct satisfaction in case of payment, and to perform any other judicial act essential to the rights of any party to the suit. Orders made in the exercise of such power affect transcripts in other jurisdictions in the manner described in the proviso to section 429a of the code. The jurisdiction of the court to which the judgment is transferred is not the same as that of the court rendering the judgment, unless made so by statute. The powers are derived from different sources. The court of original jurisdiction adjudicates the matters in controversy and gives vitality to the obligations or liabilities involved in the litigation. In rendering and in enforcing its judgment, it acts under general authority conferred by the constitution and statutes. When the transcript enters another jurisdiction, the office of the transfer is the enforcement of the judgment, and in the new sphere of operation the statute makes provision for a lien and for execution, but not for a revivor. The statute authorizing the transfer confers the power under which the court acts in enforcing the judgment in new territory. In this state the statutory method of reviving judgments supersedes the writ of *scire facias. Broadwater v. Foxworthy,* 57 Neb. 406. The general rule is that a *scire facias* to revive a judgment is a continuation of a former suit, and that the venue must be laid in the county in

which the action was originally commenced. *McGill v. Perrigo,* 9 Johns. (N. Y.) \*259; *Funderburk v. Smith,* 74 Ga. 515; *Gibson v. Davis,* 22 Vt. 374; *Griffin v. Spence,* 69 Ala. 393; *Masterson v. Cundiff,* 58 Tex. 472; *Wilson v. Tiernan,* 3 Mo. 577; *Tindall v. Carson,* 16 N. J. Law, 94; *Boylan v. Anderson,* 3 N. J. Law, 119. Plaintiff's forum for the purposes of revival is the district court for Nemaha county, and not the district court for Custer county. *Carnes v. Crandall,* 4 Ia. 151; *Thompson v. Parker,* 83 Ind. 96; *Conner v. Neff,* 2 Ind. App. 364. Having exceeded its powers in attempting to revive the transferred judgment as against Higgins, the order of revivor rendered by the district court for Custer county is void. *Berkley v. Tootle,* 62 Kan. 701. This conclusion does not conflict with the rule that a judgment rendered by a justice of the peace may be transferred to the district court and there revived. *Furer v. Holmes,* 73 Neb. 393. The distinction is apparent. A judgment of a justice of the peace can only be made a lien on realty after a transcript has been filed in the district court. A revival by the inferior tribunal would not create such a lien. The territorial jurisdiction of both courts is the same. The district court in civil matters may exercise practically all the jurisdiction of a justice of the peace, and, in addition, has the power of review. The statute which authorizes the filing of a transcript of a judgment of a justice of the peace in the district court contemplates a lien having the same effect "as if the judgment had been rendered in the district court." Code, sec. 562.

Plaintiff's order of revivor was void. In declining to impound property in the hands of the garnishees to satisfy a dormant judgment the trial court made no mistake.

AFFIRMED,

DEAN, J., having been of counsel, did not sit.