Coffin v. Pfau—61 Ind. App. 384.

---

## COFFIN ET AL v. PFAU ET AL.

[No. 9,429. Filed March 29, 1916.]

1. JUDGMENT.—*Revival.*—*Execution.*—Under §717 Burns 1914,
§675 R. S. 1881, providing that after the lapse of ten years from the
entry of judgment, or the issuing of an execution, an execution
can be issued only upon leave of court, upon motion, upon ten
days' personal notice to the adverse party, etc., it is not contem-
plated that the proceeding shall be commenced by a pleading in
the nature of a complaint, but simply by a motion to be heard
by the court in a summary way. p. 386.

2. APPEAL.—*Revival of Judgment.*—*Assignment of Errors.*—A
motion for execution upon a judgment after the lapse of ten years

can not be made the basis for an assignment of errors challenging its sufficiency for want of facts.  p. 387.

3. Appeal.—*Assignment of Errors.*—*Joint Assignments.*—A joint assignment of errors, to present any question, must be founded upon a ruling against all of the appellants, and of which all of them have a right to complain.  p. 387.

From Porter Circuit Court; *A. D. Bartholomew,* Judge.

Action by Pauline M. Pfau and another against Emma D. Coffin and others.   From a judgment for plaintiffs, this appeal is prosecuted.   *Affirmed.*

*Knight & Brown* and *Gavit & Hall,* for appellants.
*Frank B. Pattee,* for appellees.

Moran, J.—Prior to June 29, 1899, a tract of land platted into lots as a part of Rolling View Addition to the town of Crown Point, Indiana, became the subject-matter of litigation as to the title and the validity of certain liens assessed against the same.   As a result of the litigation, appellee Pauline M. Pfau recovered a judgment on the date mentioned in the sum of $14,875.15, against the Aetna Iron and Steel Works, and a decree of foreclosure of a trust deed executed by it on the foregoing real estate to secure the payment of certain bonds held by appellee Pauline M. Pfau in the amount of said judgment.   On November 6, 1911, appellee Pauline M. Pfau and J. Louis Pfau, her husband, brought a proceeding to revive the judgment and decree of foreclosure, and that an execution and order of sale be directed to the clerk of the Lake Circuit Court; the judgment and decree of foreclosure having been taken in the Porter Circuit Court where the cause had been venued, appellants contested the right of appellee to have the judgment and decree of foreclosure revived.   On June 4, 1913, on issues being joined

and the cause submitted, judgment was entered in favor of appellees on conclusions of law rendered on facts specially found by the court. From this judgment, this appeal is prosecuted by appellants.

The errors relied on for reversal are: (1) The petition does not state facts sufficient to constitute a cause of action; (2) the petition does not state facts sufficient to authorize the court in granting any relief whatever; (3) overruling appellant's demurrer to appellee's petition; (3a) sustaining of appellee's demurrer to appellants' plea in abatement; (4) error in overruling appellants' motion for a new trial; and (5) error in stating each of the conclusions of law.

Appellees very earnestly insist that the state of the record is such that no questions are presented for review upon the merits of the cause for numerous reasons. It is insisted that certain named parties against whom judgment was rendered are not named as appellants, and that parties who were defendants to the petition, and against whom judgment was rendered, are named as appellees when they should be named as appellants. In this respect, there is much confusion in the record. It discloses two assignments of error. Some of the parties named as appellees in one assignment of error are named as appellants in the other. The conclusion we have reached, however, makes it unnecessary to pass upon this question.

The relief sought by appellees was statutory and so regarded by both parties. The statute relied upon provides that after the lapse of ten years from the entry of judgment, or the issuing of an execution, an execution can be issued only upon leave of court, upon motion, upon ten days' personal notice to the

adverse party, etc. §717 Burns 1914, §675
R. S. 1881. It has been held that a plead-
ing in the nature of a complaint is not con-
templated by our practice under this statute; simply
a motion to be heard by the court in a summary way,
which can not be made the basis of an assignment
of error as sought in this case. *Plough* v. *Reeves*
(1870), 33 Ind. 181; *Jaseph* v. *Schnepper* (1891),
1 Ind. App. 154, 27 N. E. 305; *Van Devanter* v.
*Nixon* (1892), 5 Ind. App. 304, 31 N. E. 203.
In *Conner* v. *Neff* (1891), 2 Ind. App. 364, 27 N. E.
645, Reinhard, J., speaking for the court made
use of the following language: . "The proceeding
is in the nature of a *scire facias* to revive a judg-
ment. Such a writ, at common law, issued only
out of the court where the record was. The
statute has not changed the rule. While the pro-
ceeding is for some purposes regarded as an action,
it is not considered as a new suit, but the con-
tinuation of an old one."

As we have said, there are two assignments
of error in the record, one of the same is copied
into appellants' brief, and relied upon by
appellants to present the questions upon
which they seek a reversal of this judgment.
The assignment of errors discloses that eighteen
appellants joined therein, and alleged that there was
manifest error in the record. Specifications Nos.
3 and 3a of the assignment of errors refer to errors
as made against a part of appellants only, and
specifications Nos. 4 and 5, namely, error in
overruling the motion for a new trial and error in
stating each conclusion of law are made on behalf
of all of the appellants, but are based on rulings
made against a part of appellants only, who ex-
cepted thereto, that is, seven of appellants moved
for a new trial, and excepted to the action of the

court in overruling the same. This is true likewise as to the exceptions taken to the conclusions of law rendered by the court upon the facts specially found. Neither of these specifications presents for consideration a review of the action of the trial court in the respect sought. It was necessary "that each paragraph or specification of error, in such joint assignment, should be founded upon a ruling against all appellants, and of which all of them had a right to complain, or it would not be good as to any of them." *Orten* v. *Tilden* (1887), 110 Ind. 131, 10 N. E. 936. See, also, *Boyd* v. *Pfeiffer* (1884), 95 Ind. 599; *Hinkle* v. *Shelley* (1885), 100 Ind. 88; *Robbins* v. *Magee* (1884), 96 Ind. 174; *Towell* v. *Hollweg* (1881), 81 Ind. 154; *Sparklin* v. *Wardens, etc.* (1889), 119 Ind. 535, 22 N. E. 8; *Arbuckle* v. *Swim* (1890), 123 Ind. 208, 24 N. E. 105; *Irey* v. *Mater* (1893), 134 Ind. 238, 33 N. E. 1018; *Medical College, etc.* v. *Commingore* (1895), 140 Ind. 296, 39 N. E. 744. A joint assignment of error is governed by the same rule as that of a complaint in the trial court, and must be good as to all who join in the same or will be good as to none. *Hayes* v. *Johnson* (1914), 56 Ind. App. 238, 105 N. E. 164; *Ditton* v. *Hart* (1911), 175 Ind. 181, 93 N. E. 961; *Orten* v. *Tilden, supra.*

Finding no available error presented by the record, judgment is affirmed.

PER CURIAM.—Since the decision of this cause on appeal, and within the term, it was made to appear that after its submission, and before decision here, appellee J. Louis Pfau died. It is therefore ordered that the judgment be affirmed as of the date of the submission of the cause.

NOTE.—Reported in 112 N. E. 21. As to revival of judgments, see 133 Am. St. 61. See; also, under (1) 17 Cyc 1028, 1030; 23 Cyc 1449; (2) 3 C. J. 1356; (3) 3 C. J; 1352; 2 Cyc 1003.