Columbus C. Van Horne, Appellee, v. Herbert L. Harford and George E. Wilkinson, Defendants. George E. Wilkinson, Appellant.

Heard in this court at the February term, 1935. Opinion filed June 8, 1935.

Wm. P. Boynton, of Alton, for appellant.

O'Neill & O'Neill, of Alton, for appellee.

Mr. Presiding Justice Edwards delivered the opinion of the court.

Appellee, on December 18, 1913, was awarded a judgment in the city court of Alton, against Herbert L. Harford, now deceased, and appellant George E. Wilkinson, in the sum of $980.40 damages and costs. On July 19, 1915, a transcript of this judgment was filed in the office of the clerk of the circuit court of Madison county. Desiring to revive the judgment, appellee, on May 11, 1931, filed a praecipe for scire facias in the office of the clerk of said court, and the writ was thereupon issued. The death of Herbert L. Harford, one of the judgment debtors, being suggested of record, his heirs were, upon motion, made parties defendant to the proceeding. Thereafter, and following a rather lengthy course of litigation, judgment was entered reviving the original judgment in said sum of $980.40, against appellant alone, who moved in arrest of judgment and for a rehearing, and same being overruled, has prosecuted this appeal.

The reason assigned why the trial court erred in thus reviving the judgment and overruling the motions last mentioned, is that the original judgment, having been rendered in the city court of Alton, could only be revived in such court, and that the circuit court of Madison county, in which a transcript of such judgment had been filed, was without jurisdiction to revive the judgment.

In par. 379, Cahill's St. ch. 37, as the act was in force in 1913 and 1915, relating to judgments and decrees of a city court, it is provided that "such judgments and decrees shall be a lien upon the real estate in such city from the time of their rendition; and in the county

wherein such city court is situate, after a certified transcript of the same shall have been filed in the office of the clerk of the circuit court of the said county."

The quoted act makes no attempt to do other than constitute the judgment, as transcribed, a lien upon realty within the county, and provides for enforcing the judgment by execution. It is thus seen that by filing the transcript in another jurisdiction, its purpose and function is the enforcement of the original judgment, respecting which the statute makes provision for a lien, and for execution to effectuate its collection, but does not confer any power or authority for its revivor.

We have been cited to no decision in this State, nor have we been able to find any, which decides the precise question here involved. In *Challenor v. Niles,* 78 Ill. 78, where the proposition was somewhat indirectly involved, the court said: "We are aware of no practice that would authorize a writ of scire facias to issue to revive a judgment from a county other than that in which the judgment was rendered, and if the writ could not be sent for service to another county, in many cases the object of the writ would be defeated." However, the question has arisen in other jurisdictions, and the current of authority is that the court in which the judgment was rendered is the only one in which a proceeding for its revival can be conducted.

The court held, in *Conner v. Neff,* 2 Ind. App. 364, 27 N. E. 645: "While the proceeding is, for some purposes, regarded as an action, it is not considered as a new suit, but the continuation of an old one. Freeman on Judgments, secs. 442–444. The application must be made in the court where the judgment was rendered, regardless of the place of residence of the judgment defendants."

In *McRoberts v. Lyon,* 79 Mich. 25, 44 N. W. 160, 163, it was ruled that "the writ is not an original, but a judicial, one, and when brought to revive a judg-

ment, can only issue out of the court where the judgment was given, or, if the judgment has been removed, out of the court to which it has been removed."

The suit of *J. I. Case Threshing Mach. Co. v. Edmisten*, 85 Neb. 272, 122 N. W. 891, was one where a judgment, obtained in the district court of Nemaha county, was transcribed to the same court of Custer county, where it was subsequently revived. An attack being made upon the authority of the district court of the latter county to enter judgment of revivor, the Supreme Court declared the law to be that a district court in which the transcript of a judgment, rendered by the district court of another county, is filed, is without authority to revive the judgment, and that the court of original jurisdiction is the only one possessing such power.

*Barron v. Pagles*, 6 Ala. 422, holds that a proceeding to revive a judgment rendered by a nisi prius court, and affirmed on error in the Supreme Court, must be brought in the lower court, and not in the higher.

34 Corpus Juris, p. 664, sec. 1021, states the rule that a proceeding to revive a judgment must be instituted in the court wherein it was rendered, even though the statute permits a transcript of the judgment to be filed in a different court, unless the statute authorizing the transfer confers the power of revivor upon the court to which the transfer is made.

The statute which granted the right to transcript the judgment from the city court of Alton to the circuit court of Madison county, did not grant authority to the latter court to revive the judgment; for which reason we are of the opinion that, within the rule of the authorities cited, such circuit court had no power to revive a judgment of the former court, which had been transcribed to the latter.

The praecipe in the instant case requested of the clerk of the circuit court the issuance of a scire facias

to revive a judgment of the city court, later filed by transcript in the circuit court, and the writ, issued pursuant thereto, which serves the office of both process and pleading (*Peacock v. People,* 83 Ill. 331), set forth the same facts.

Upon the record as thus made, the court was without authority to enter the judgment of revivor, and the same will be reversed.

*Judgment reversed.*