JOSHUA J. MOORE, plaintiff in error, *v.* ARTOIS HAMILTON, defendant in error.

*Error to Hancock.*

A. commenced an action of *assumpsit* against B., by summons, which was not served on B. Subsequently A. sued out an attachment in aid of this action, which was levied on personal and real estate of B.,and notice of its pendency was given by publication only. On proof of publication, B. not appearing, his default was entered, and the plaintiff's damages were assessed and judgment rendered for the same. The action of *assumpsit* did not appear to have been disposed of: *Held*, that the judgment was unwarranted for want of personal service upon the defendant.

An attachment in aid of a suit already commenced, is but an adjunct of such suit, not a distinct proceeding. By the service of the attachment, the defendant is prevented from alienating or carrying away his property, during the pendency of the suit. If the suit proceeds to judgment, and the attachment is not in the mean time dissolved, the plaintiff has the benefit of a general judgment against the defendant, and a specific lien on the estate attached for its payment. Before the plaintiff, however, can realize the benefit of the attachment, he must procure service of process in the original action and obtain a judgment therein.

The remedies by attachment are in derogation of the common law, and ought not to be extended by implication.

ASSUMPSIT, and attachment in aid thereof, in the Hancock Circuit Court, brought by the defendant in error against the plaintiff in error. The summons in the original proceeding was issued and directed to the sheriff of Peoria county, and being returned *"non est inventus,"* an attachment in aid in due form of law was sued out and levied upon the personal and real estate of the defendant below. No personal service was had in either proceeding, nor did the defendant enter his appearance.

The cause was heard before the Hon. Norman H. Purple, at the October term 1845, when a judgment by default, after proof of publication of notice, was rendered in favor of the plaintiff. The damages were assessed by a jury at $145·74, and special execution was awarded against the property attached.

*A. Lincoln*, for the plaintiff in error.

In this case, a personal service was necessary. Rev. Stat. Ch. IX, § 3.

The certificate of publication did not authorize the judgment. Constructive notice is insufficient.

*M. Brayman*, for the defendant in error.

In a bare proceeding in an action of *assumpsit*, there must be personal service, unless waived by appearance, which is equivalent to it. The law does not provide for constructive service by publication, but in attachment it is otherwise; though there be neither service nor appearance, the defendant may be brought into Court by publication. In this case, the action was *assumpsit*, commenced by summons, aided by an attachment. Rev. Stat. 70, Ch. IX, § 30. The issuing of the writ did not abate nor extinguish the original suit, but was engrafted upon it to give it effect, to secure the property of the defendant, and to do that which the summons failed to do, to bring Moore properly into Court. The writ of attachment and the proceedings under it, did not lose their relation to, or connection with the original suit, but were so far distinct as to conform to proceedings "required or permitted in original attachments, in all things as near as may be." See § 30, before cited. Hamilton, having suspended proceedings in the original suit, and sought the aid of the proceeding in attachment, was entitled to its benefit as long as was necessary to secure the remedy sought. The publication, then, was equivalent to service, for according to the law regulating attachments, it brought the defendant within the jurisdiction of the Court, so as to authorize judgment against him, and execution against the property attached.

The Opinion of the Court was delivered by

TREAT, J.* On the 9th of June, 1845, Hamilton commenced an action of *assumpsit* in the Hancock Circuit Court against Moore. The return on the summons was *"non est inventus."* On the 17th of June, Hamilton filed a bond and affidavit, and under the 30th section of the *"Act concerning Attachments,"* approved February 12th, 1833, sued out an attachment in aid of the action of *assumpsit*. The writ

---

* WILSON, C. J., and Justices LOCKWOOD and CATON, did not sit in this case.

was levied on a tract of land and some personal property. Notice of the pendency of the attachment was regularly given by publication. At the October term 1845, the default of Moore was entered and the plaintiff's damages assessed at $145·74, for which amount a judgment was rendered, to be satisfied by a sale of the property attached. Moore was not personally served either with the process of summons or attachment; nor did he ever enter his appearance. It does not appear that the action of *assumpsit* has been disposed of. Moore now prosecutes a writ of error for the reversal of the judgment.

The only material question presented by the record, is, whether, under the circumstances, the judgment was warranted. It was contended by the counsel for the defendant in error, that the action of *assumpsit* and the attachment were distinct proceedings, and that the latter might be prosecuted to final judgment without noticing the former. In the opinion of the Court, this position cannot be sustained. They constitute, in fact, but one case; the attachment is but an adjunct of the original case. It is to be entitled in the pending suit and be in aid thereof. It is only process and a part of the proceedings of the case originally commenced. By the service of the writ of attachment, the defendant is prevented from alienating or carrying away his estate during the pendency of the suit. If the action proceeds to judgment, and the attachment is not in the mean time dissolved, the plaintiff has the benefit of a general judgment against the defendant, and a specific lien on the estate attached for its payment. Before the plaintiff can realize the fruits of the attachment by subjecting the property to sale, he must procure a service of the process in the original action, and obtain judgment therein. The action must be first disposed of. If it fails, the attachment goes with it. If the plaintiff cannot procure a service of process, his proper course is to discontinue his case, and sue out an original attachment. If this attachment can be regarded as an independent proceeding, one of the principal provisions of the attachment law could be easily evaded. The statute only allows the remedy by attachment to recover indebtedness growing out of con-

tracts, express or implied, or ascertained and liquidated by a judgment. An original attachment cannot be sued out for the purpose of recovering damages for a tort. By the 30th section, an attachment may be sued out in aid of an action of trespass. If the attachment thus instituted could be carried on without reference to the pending action, the effect would be to permit the plaintiff to recover a judgment in attachment against a non resident for a personal injury. This would allow him to do indirectly by this kind of proceeding, what he cannot do directly by an original proceeding. The remedies by attachment are in derogation of the common law, and ought not to be extended by implication.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*