E. J. MAGERSTADT, Sheriff,

*v.*

CHARLES C. HARDER.

*Opinion filed October 25, 1902—Rehearing denied December 4, 1902.*

1. BONDS—*statutory provision concerning suits on replevin bond.* Under section 26 of the Replevin act, if the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in an action on the replevin bond *may plead* that fact and his title to the property which was in dispute.

2. SAME—*a plea is necessary to permit defendant in suit on a replevin bond to show title.* In an action against the surety on a replevin bond it is proper, in assessing damages, to allow the defendant to prove, in mitigation of damages, that the interest of the plaintiff in the chattels was that of a lienholder, merely; but it is not proper, in the absence of a plea, to permit defendant to show such lien was subordinate to the lien of his principal, the plaintiff in the replevin suit. (*King* v. *Ramsay,* 13 Ill. 619, distinguished.)

*Magerstadt* v. *Harder,* 95 Ill. App. 303, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

HOYNE, O'CONNOR & HOYNE, for appellant.

PECK, MILLER & STARR, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The action below was debt, to recover on a replevin bond which the appellee had executed as surety for one Gustave Cramer, the plaintiff in an action in replevin.

The appellee did not plead to the declaration to recover on the bond, but made default. He appeared, however, when the damages were to be assessed, and by agreement a jury was waived and the inquiry of damages was had before the court. The replevin suit was dismissed and the chattels ordered returned to the defendant in replevin but had not been returned by the plaintiff in replevin. The value of the chattels was shown to be $1200. The court refused to allow damages except for the costs and attorney fees in the action of replevin. The Appellate Court affirmed the judgment, and the cause is before us by this appeal from the judgment of affirmance.

The chattels for which the writ of replevin issued, constituted the furniture and appliances of two photograph galleries. The court, over the objection of appellant, permitted the appellee (defendant in the action on the bond) to introduce proof to show that the furniture and appliances of the galleries belonged to one Francis A. Place; that Place executed a chattel mortgage thereon to the plaintiff in the replevin suit, and afterwards said Place executed and delivered to the defendant in the replevin suit an instrument which (the appellee insisted) was but a second mortgage on the same furniture and appliances, and that the lien of the mortgage to the plaintiff in the replevin suit was superior to the lien of the defendant in the replevin suit. On such showing the court ruled the defendant in replevin was not entitled to recover any sum whatever as damages by reason of the retention of the furniture and appliances by the plaintiff in replevin, but was entitled to recover only costs and attorney fees paid or incurred to be paid in the prosecution of the suit in replevin.

Section 26 of chapter 119 of the Revised Statutes, entitled "Replevin," is as follows: "When the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in the action upon the replevin bond may plead that fact and his title

to the property in dispute, in said action of replevin."
The appellee did not, however, avail himself of the bene-
fit of this statute.   He filed no plea to the declaration
on the replevin bond and raised no issue in that action
that his principal, the plaintiff in replevin, had any title
to or lien on the furniture and appliances of the galleries.
It was therefore improper to permit him, on the assess-
ment of damages in the action on the replevin bond, to
insist or introduce proof to show that the principal ob-
ligor, the plaintiff in the replevin action, had a lien on
the chattels superior to that of the appellant.   It was
proper to show that the interest of the appellant in the
furniture and appliances of the galleries was that of a
lienholder, for the reason the amount of the damages
which the appellant had the right to recover would be
measured by the amount intended to be secured by his
lien, together with costs accruing and attorney fees in-
curred in the suit in replevin.  The proof that the defend-
ant in replevin had only a lien on the chattels in dispute
was proper to be heard in reduction of the damages to
be assessed in his favor, because of the conversion by
the plaintiff in replevin to his own use of the goods and
chattels upon which the lien operated.   But the appel-
lee, in default of a plea under the statute, had not the
right to insist, and attempt to prove upon the assessment
of damages, that the plaintiff in replevin had a superior
right or lien to that of the appellant.   If he desired to
raise that issue he should have given notice thereof by
filing a plea, under the statute, setting up the alleged
superior title of the plaintiff in replevin to the chattels.
To hold otherwise would be to attach no meaning or pur-
pose whatever to the statute, and to give to one who had
ignored the provisions of the statute the full measure of
benefit and advantage which those, only, who comply
with its requirements are entitled to enjoy.

*King* v. *Ramsay*, 13 Ill. 619, is not authority for the
view that the plaintiff in an action in replevin may be

allowed, without a plea in accordance with the statute, to defeat an assessment of damages in an action on the replevin bond by proving that he had title, lien or interest in the chattels in dispute superior to that of the defendant in the action in replevin. In that case the defendant to the action on the replevin bond filed several pleas intended to be in compliance with the statute, for the purpose of becoming entitled to have the claim of the plaintiff in the replevin action that he was the general owner of the disputed chattels inquired into in the action on the bond. The trial court held these pleas to be defective and insufficient to entitle the pleader to the benefit of the statute. The defendant to the action on the bond then tendered in evidence the declaration, pleas and replication in the action of replevin. It appeared from these pleas that the defendant in the replevin action held the disputed chattels in his capacity as a constable, by virtue of levies made thereon by him by authority of several writs of attachment against another person than the plaintiff in replevin, which other person, the pleas alleged, was the owner of the chattels. The replication alleged the chattels were the property of the plaintiff in replevin, and not the property of another, as alleged in the pleas. The defendant to the action on the bond also offered in evidence the several attachment writs specified in the pleas and certified copies of the judgments entered in the attachment cases. The trial court, however, refused to allow the proffered testimony to be produced in evidence, and this ruling was held to be erroneous. It was competent to be introduced in evidence for the reason it established that the defendant in replevin and plaintiff in the action on the bond was not the general owner of the goods, but only interested therein as lien-holder, by virtue of the levies made of the attachment writs thereon. This excluded testimony would have shown the real issue in the replevin suit was whether the attachment writs were valid liens on the disputed

chattels, and that the retention of the chattels by the plaintiff in replevin had not damaged the defendant in that action more than the amount necessary to discharge the liens he held against them, and was therefore competent to be produced in mitigation of damages in the action on the bond. A plea under the statute was not necessary to the admission of such proof. We held in that case, however, that as it appeared the value of the chattels was less than the aggregate of the judgments in attachment, the error in refusing to admit the proffered proof did not prejudice the appellant, for if admitted it could not have reduced the damages which the plaintiff in the action was entitled to receive. In the case at bar, on the inquiry of damages it was competent for the defendant in the action to show, in mitigation of damages, that the plaintiff's claim of interest in the apparatus and furniture of the galleries was only a lien thereon, but it was not competent, in the absence of a plea in pursuance of the statute, to offer testimony to show that such lien was subordinate to a lien in favor of the plaintiff in the replevin action. In *Stevison* v. *Earnest*, 80 Ill. 513, speaking of the right of the obligor in a replevin bond to prove, in an action on the bond, that the plaintiff in replevin was the owner of the property, we said (p. 519): "By permitting the suit to be dismissed he lost all right to contest the plaintiff's claim to the property except that saved to him by the statute, which was to plead and prove his title to the property in mitigation of damages."

The judgment of the Appellate Court and that of the superior court are each reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*