## Benjamin Glassman, Defendant in Error, v. Benjamin Abromovich, Plaintiff in Error.

## Gen. No. 15,772.

LANDLORD AND TENANT—*liability to repair.* In the absence of agreement to the contrary at least, it is the duty of the common landlord to maintain in properly safe condition a hallway and stairs used as common entrance and approach to the premises occupied by various tenants and he is liable to his tenants and persons having business with them if injury results to them from a neglect of that duty.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COT-TRELL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 5, 1911.

**Statement by the Court.** The plaintiff in error in this case, Abromovich, was the owner of a building at Nos. 386 and 388 West Twelfth street in the city of Chicago. It was rented to various tenants, no part of it being actually occupied by the plaintiff in error. The second story, including a water closet, was leased by one Louis Eisenberg, who carried on a tailoring establishment

on the premises. The defendant in error, the plaintiff below—Glassman—was, as he claims, in the employ of Eisenberg at the time of the incidents out of which this litigation grew. December 29, 1908, Glassman fell on the stairway leading to the second story as he was ascending to Eisenberg's rooms, and broke his leg. He claims that the accident was the result of the negligence of the owner of the premises, Abromovich. Abromovich, he alleges, had been notified that there was a water pipe connected with the water closet defective and leaking, and had promised to repair the same. He did not do so promptly and the water from the leak overflowed on the stairway and froze. The hall and stairway were dark and Glassman, going up the stairs in pursuit of his business, slipped on the ice thus formed. He brought a suit (of the fourth class) against Abromovich in the Municipal Court. It was tried before a jury. The jury returned a verdict of $200 and after a motion for a new trial had been made and denied, judgment was entered on the verdict. To reverse that judgment this writ of error has been sued out.

The plaintiff in error, the defendant below, denies that there was ice on the stairs, or that there was any overflow of water caused by any leak for which he was liable or which he had promised to repair. Such water as was on the stairs was, he contends, not frozen, and came there through the negligence of Eisenberg and his employes in choking up the bowl of the water closet with paper, thus flushing the bowl, allowing it to freeze and causing it to run over. Further the defendant claims that the plaintiff was a mere licensee on the defendant's premises, towards whom, therefore, the defendant was under no other obligation than to abstain from wilful injury to him.

In this court the plaintiff in error has argued that the verdict was contrary to the law and the evidence; that there was a fatal variance between the allegations

of negligence in the statement of claim and the evidence offered for the plaintiff; that the court admitted improper testimony and failed to instruct the jury properly, and that the verdict was excessive.

B. M. SHAFFNER, for plaintiff in error.

SALTIEL & ROSSEN, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

There is no difficulty about the law in this case. The question at issue between the parties is one of fact.

The questions of fact which were before the jury are sufficiently indicated in the prefixed statement. We think the jury had evidence before it tending to prove that the plaintiff was at the time of the accident an employe of a tenant of the defendant; that he was then in the exercise of his regular line of employment and required by the convenient transaction of his business to use the stairs in question; that there was ice or frozen glaze on the stairs; that he might not have seen the same although in the exercise of due care, and as a matter of fact did not see it; that this ice and consequent slippery condition of the stairs were the result of the flow of water from a broken pipe leading to the toilet room on the second floor, which pipe the defendant had undertaken to repair, but had neglected to put into a safe condition promptly; that the stairs in question were the common approach to the upper stories for both the plaintiff's employer and the persons doing business for and with him and for other tenants higher up.

Portions of the testimony furnishing this evidence were seriously controverted, but the proper finding of fact largely depended on the credibility of witnesses contradicting each other, and we cannot substitute ourselves for a jury in passing upon that credibility.

Assuming the facts proven which the plaintiff's evidence tended to prove, the law seems clear.

The hallway and stairs used as a common entrance and approach to premises occupied by various tenants, it is, in the absence of agreement to the contrary at least, the duty of the common landlord to maintain in properly safe condition, and he is liable to his tenants and persons having business with them if injury results to them from a neglect of that duty. Helbig v. Slaughter, 95 Ill. App. 623; Shearman & Redfield on Negligence, sec. 56; as quoted by Judge Wall in Reichenbacher v. Panmeyer in 8 Ill. App. 217. Especially must this proposition be true if the unsafe condition is the result of the neglect of the landlord properly or promptly to repair some defect in his premises which he has undertaken so to repair.

There is no merit in the point made by plaintiff in error of a variance betwen the statement of claim and the plaintiff's proof, nor in those concerning the instructions, the admission of testimony and the size of the verdict.

The judgment of the Municipal Court is affirmed.

*Affirmed.*