JAMES H. HOOPER, Appellant, *vs.* THE BANK OF TWO RIVERS, Appellee.

*Opinion filed October 26, 1912.*

1. CONSTITUTIONAL LAW—*section 62 of the Municipal Court act is not unconstitutional.* Section 62 of the Municipal Court act, which authorizes the chief justice of the municipal court to prepare abbreviated forms in which judgments of that court may be entered, is not invalid. (*Stein* v. *Meyers,* 253 Ill. 199, followed.)

2. JUDGMENTS AND DECREES—*invalid judgment does not create a lien against land.* An alleged judgment of the municipal court of Chicago entered in unintelligible abbreviations of words is not sufficient to create a lien upon real estate, even though execution is issued thereon and part of the amount due is paid.

3. SAME—*when alleged judgment lien may be removed as cloud without showing it was unjust.* If a judgment is invalid and insufficient to create a lien against land at the time the judgment debtor was declared a bankrupt and at the time the land was sold by the trustee in bankruptcy, the purchaser from the trustee is entitled to have the alleged judgment lien removed as a cloud upon his title without showing that the judgment was unjust and without paying the same, as he has a right to rely upon the records and purchase accordingly.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

JAMES H. HOOPER, *pro se.*

MUSGRAVE, OPPENHEIM & LEE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellant in the superior court of Cook county, against the appellee, to remove a judgment lien as a cloud upon the title to certain real estate owned by the appellant, situated in the city of Chicago. A demurrer was interposed to the bill and sustained and the bill was dismissed for the want of equity, and an appeal has been prosecuted to this court.

The facts disclosed by the record are as follows: On July 10, 1907, appellee recovered a judgment in the municipal court of Chicago against Frederick J. Norton and Henry Rennick for $2193.07, which was written up by the clerk of the municipal court in abbreviated form, as follows:

"The Bank of Two Rivers (a corp.)
          *vs.*                              } No. 466.
Frederick J. Norton and Henry Rennick.

First Class, Asspt. $2500.

| Date. | Judge. | Orders entered. |
|---|---|---|
| July 2, 1907 | Brugge | Postp. to July 10, 9:30 A. M. |
| July 10, 1907 | Hume | Deft. Henry Rennick dfltd pers serv Tr by ct Fndg for Plff $2193.07. Judg & costs vs. Frederick J. Norton and Henry Rennick." |

On July 6, 1908, an execution was issued on said judgment, on which was paid $1400.50. On September 14, 1909, Norton was declared a bankrupt and a trustee was appointed of his estate. At the time the judgment was rendered and at the time he became a bankrupt Norton was the owner of the premises in question. Subsequent to the bankruptcy of Norton the appellant purchased said premises from his trustee and took possession thereof, and thereupon the appellee threatened to sell the same upon execution in satisfaction of said judgment, whereupon this bill was filed.

It is first contended that section 62 of the Municipal Court act, which authorizes the chief justice of the municipal court to prepare abbreviated forms in which the judgments of that court may be entered and in which the judgment here involved was entered, is unconstitutional and void. This court, since this cause has been pending, has determined the validity of that section, (*Stein* v. *Meyers,* 253 Ill. 199; *City of Chicago* v. *Coleman,* 254 id. 338;) and that question need not be here considered.

It is next contended that the judgment entered in the case of *Bank of Two Rivers* v. *Norton et al.* by the municipal court was invalid and did not create a lien upon said premises, and that the same should be set aside as a cloud upon said premises. In *Stein* v. *Meyers, supra,* it was held that a judgment entered in an abbreviated form was invalid, and that case is conclusive of the invalidity of the judgment relied upon to establish a lien in the case at bar, and establishes that the judgment rendered against Norton and Rennick was invalid and that it was not a lien upon the premises owned by Norton at the time judgment was entered or at the time said premises were sold and conveyed to the appellant by Norton's trustee in bankruptcy.

It is contended that if it be admitted that said judgment is invalid under the holding in the *Stein case,* it can not be set aside and vacated as a cloud upon the title of appellant without a showing that it was unjust and that appellant purchased said premises without notice thereof. This is not a proceeding to vacate said judgment but is a proceeding to determine whether or not it is a lien upon the premises of the appellant and to remove the same as a cloud therefrom. If it be conceded that Norton and Rennick could not have said judgment set aside and held for naught unless they made it appear it was unjust, still a different rule applies, we think, as to the appellant. The debt which was the basis of said judgment was not the debt of the appellant and by the purchase of said premises he did not make himself liable to pay said judgment. He had the right to rely upon the record, and, if the title to said premises was in the trustee in bankruptcy free of all liens, to purchase said premises, and might thereafter, if the appellee attempted to enforce a lien against the premises which had no validity, file a bill to protect his title and to remove the pretended lien as a cloud thereon without showing the judgment to be unjust or paying the debt

of Norton and Rennick. *Fitts* v. *Davis,* 42 Ill. 391; *Cox* v. *Spurgin,* 210 id. 398.

The decree of the superior court will be reversed and the cause remanded to that court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*