THE CITY OF CHICAGO, Defendant in Error, *vs.* JOHN
MITCHELL, Plaintiff in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

This case is controlled by the decision in *Stein* v. *Meyers,* 253
Ill. 199, holding that an alleged judgment such as was entered in
this case is not authorized by section 62 of the Municipal Court
act, relating to the use of abbreviated forms.

CARTER, J., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago;
the Hon. JOHN R. CAVERLY, Judge, presiding.

THOMAS LINDSKOG, for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, and JAMES
S. MCINERNEY, Prosecuting Attorney, (J. KENT GREENE,
of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, John Mitchell, was arrested for the
violation of an ordinance of the city of Chicago, and it
is claimed a trial was had in the municipal court which
resulted in a judgment finding him guilty and imposing a
fine of $100. It is also claimed by defendant in error that
upon default having been made in the payment of the fine
plaintiff in error was committed to the house of correction
and the bailiff was commanded to deliver his body forth-
with to the superintendent of the house of correction. The
plaintiff in error moved to be discharged from the custody
of the bailiff on the ground that no valid judgment or
other proceedings had been entered of record in the cause.
Upon this motion evidence was offered, both on the part
of the city and on the part of plaintiff in error. Plaintiff
in error offered in evidence the *placita* and record of the
court in the cause, which was as follows:

"The City of Chicago ⎫
         *vs.*          ⎬  No. 314272.
    John Mitchell.  ⎭

   Violation section 2807 of the Chicago code of 1911.

Date.     Judge.                    Order Entered.

Nov. 13, 1911—Caverly—Lv to Charles E. Jackson to fl complt Ct takes juris of deft in ct on complt fld Bail $400.

      Deft waives J tr Tr by ct fndg deft G viol ordin descr in complt & fined One Hundred dols ($100.00) Judg on fndg vs deft One Hundred Dols ($100.00) & c taxed at $6.00 for viol city ordin descr in complt sec 2807 St comm to H of C until fine & c worked out at fifty cents per day Mo deft to vac judg of Nov 13 1911 ent & set for 9 o'clock A. M. Nov 14 1911.

Nov. 14, 1911.—Caverly—Mo deft H E to vac judg of Nov 13 1911 overr."

Upon the introduction of the record of the proceedings and pretended judgment it was stipulated that that was a true and complete transcript of the proceedings and judgment entered in the cause in abbreviated form, as the same was entered. The city thereupon offered in evidence an order of the chief justice of the municipal court, entered on June 1, 1910, prescribing abbreviated forms to be used in the municipal court of Chicago and giving such forms as amplified or extended. It is conceded that this is the only record of a judgment entered. The motion of plaintiff in error to be discharged from custody was denied, and this writ of error was sued out to review the judgment of the municipal court.

Plaintiff in error contends that section 62 of the Municipal Court act is void, as being in conflict with section 18 of the schedule of the constitution. The questions raised on this record are the same as those raised and disposed of in *Stein* v. *Meyers,* 253 Ill. 199, and as the record in this case is in the same condition as the record there reviewed and subject to the same objections, what was said in that

case is applicable to the questions presented on this record and the holding there will govern in this case. For the reasons stated in *Stein* v. *Meyers, supra,* the judgment was invalid and the motion to discharge plaintiff in error from custody should have been allowed.

The judgment of the municipal court is reversed and the cause is remanded, with directions to discharge the defendant.                    *Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.