JAMES H. HOOPER, Appellant, *vs.* THE BANK OF TWO RIVERS, Appellee.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. CLOUD ON TITLE—*when complainant is not entitled to have lien of judgment removed.* One who purchases property from a trustee in bankruptcy upon the express understanding that the sale is subject to the lien of a judgment, the exact amount due thereon being known to him, and, in fact, deducted from the value of the property, is not in a position to come into a court of equity and ask that such lien be removed as a cloud upon his title and that the defendants be enjoined from obtaining an execution.

2. SAME—*bill to remove cloud from title is an equitable proceeding.* A bill to remove the lien of a judgment as a cloud upon complainant's title and for an injunction to restrain the defendants from obtaining an execution on such judgment is an equitable proceeding and is subject to the rules and maxims of equity, including the maxim, "He who seeks equity must do equity."

3. RES JUDICATA—*when decision on former appeal is not res judicata.* A decision by the Supreme Court which is limited to the question of the sufficiency of a bill to remove the lien of a judgment as a cloud and for an injunction is not *res judicata* as to the matters presented by the bill, the answer thereto and the proof made thereunder, where the answer and proof present an entirely different situation from that disclosed on the face of the bill.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JAMES H. HOOPER, *pro se.*

MUSGRAVE, OPPENHEIM & LEE, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Appellant, James H. Hooper, filed his bill in the superior court of Cook county against appellee, the Bank of Two Rivers, to remove a judgment lien as a cloud upon the title to certain real estate owned by appellant in the city of Chicago and for an injunction restraining the levying of any execution issued upon said judgment. The bill alleged that appellant derived title by deed from the trustee in bankruptcy of the estate of Frederick J. Norton; that on July 10, 1907, the Bank of Two Rivers was plaintiff and said Norton and another were defendants in a suit in the municipal court of Chicago; that on July 10, 1907, a pretended judgment was entered of record in said court for the sum of $2193.07, consisting of abbreviations, which were set out in the bill; that on July 6, 1908, an execution was issued upon the said pretended judgment, upon which $1400.50 was paid; that on September 14, 1909, Norton was adjudged a bankrupt by the United States district court and a trustee was appointed, who thereafter sold the property involved to appellant; that the entries upon the records of the municipal court set out in the bill do not constitute a judgment or a lien upon the property so sold; that the Bank of Two Rivers is threatening to sue out an *alias* execution upon such pretended judgment and levy on and sell the property to satisfy the same. A demurrer was interposed to the bill and sustained, and the bill was dismissed for want of equity. This decree was reversed in *Hooper* v. *Bank of ·Two Rivers,* 255 Ill. 549, and the cause was remanded to the superior court, with directions to overrule the demurrer. Immediately thereafter appellee, upon motion in the municipal court, procured the entry of a *nunc pro tunc* judgment as of July 10, 1907, against Norton and his co-defendant in the original suit, for the sum of $2193.07

and costs. Upon the remanding of the cause appellee answered the bill, stating that at the time said judgment was entered in the municipal court Norton owned the property in question and that said property became subject to the lien of appellee's judgment; that the trustee in bankruptcy sold said real estate to appellant but sold the same subject to appellee's judgment lien; that at the sale it was understood and agreed that appellant would pay said judgment, which at that time was believed by all the parties to be a valid judgment, and that the municipal court had since ordered its clerk to spread said judgment of record *nunc pro tunc* as of July 10, 1907.

On March 8, 1913, appellant, by leave of court, filed an amendment to the bill, alleging that the Municipal Court act as a whole is unconstitutional and void and that no such court as the municipal court exists. This amendment sets up various alleged irregularities in the passage by the legislature of the Municipal Court act, and alleges that because of the invalidity of the act the said pretended judgment was obtained without due process of law. This amendment was thereafter stricken from the files on motion of appellee, and this action of the court is one of the matters complained of as error. Under the holding in *Richter* v. *Burdock,* 257 Ill. 410, this amendment was properly stricken from the files.

On the hearing, which was had before the court, appellant offered the record of the municipal court in the case of *Bank of Two Rivers* v. *Norton,* made prior to the entry of the *nunc pro tunc* order, and made proof of his purchase of the property in question and his possession of all but three lots, which were vacant and unoccupied. Appellee then called as a witness John A. McKeever, an attorney, who attended the trustee's sale of this property as a representative of appellee. This witness testified that there were also present at the sale, appellant, the trustee in bankruptcy and his attorney, and one other party; that the attorney for the trustee announced that he was about to make sale

of the real estate in question on behalf of the trustee, and
also announced that the property would be sold subject to
the lien of the judgment of the Bank of Two Rivers; that
appellant then asked the attorney for the trustee what the
exact amount due on the judgment of appellee was; that
thereupon the witness produced a paper upon which a writ-
ten computation had been made showing the balance due,
exhibited it to appellant and told him the amount still re-
maining due; that appellant then asked the witness whether
the purchaser at the sale would be given a reasonable time
in which to pay the judgment, and that the witness in-
formed him that he would be given two weeks. The attor-
ney for the trustee in bankruptcy testified that he remem-
bered making the sale of this property on behalf of the
trustee in his office in May, 1911, and that when he made
the announcement that he would sell the property of the
bankrupt's estate he stated that it was subject to the judg-
ment lien of the Bank of Two Rivers; that someone pres-
ent asked if anybody knew what the amount was; that the
witness informed him that Mr. McKeever had come there
for the express purpose of giving that information; that
Mr. McKeever was then called on and did state the amount
that was due at that time; that appellant then asked the
witness if any time would be given the purchaser in which
to pay this judgment, to which witness responded that a
reasonable time would be given to take care of it. Appel-
lee then introduced in evidence the *nunc pro tunc* order.
In rebuttal appellant testified that on the day of the trus-
tee's sale of this property he was informed of the amount
remaining due on appellee's judgment, but that his recol-
lection was that the conversation occurred after he had
purchased the property. He admits, however, that he was
told the exact amount due; that he asked for time within
which to pay it and was promised that he would be given
two weeks' time. The court thereupon entered a decree

dismissing the bill for want of equity, and this appeal has been prosecuted from that decree.

Appellant contends that all the matters raised were adjudicated in *Hooper* v. *Bank of Two Rivers, supra,* and that under the holding in that case the decree dismissing the bill should be reversed. On the former appeal the only matter presented was the sufficiency of the bill, and it was there held that the pretended judgment set out in the bill was not a lien upon the premises of appellant. What was there said in reference to the liability of appellant to pay the amount remaining due on said judgment was said in reference only to the allegations contained in the bill. The present decree dismissing the bill was based upon the bill and answer and the proofs made thereunder, and presents an entirely different situation. The bill itself does not disclose any equities which appellee is entitled to have enforced, but such equities are disclosed by the answer and are fully shown by the proof. The testimony on the part of appellee shows conclusively that at the time of the sale by the trustee in bankruptcy this judgment was regarded and treated by appellant, as well as by the trustee and appellee, as a valid and subsisting lien upon the property and that the property was sold subject to this lien. It also appears that at that time appellant sought and received information as to the exact amount due upon the judgment, and that the amount remaining due upon the judgment was taken into consideration by him in making his bid for the property, and that that amount was, in fact, deducted from the value of the property when it was sold. The effect of this transaction was just the same as though appellant on that occasion had been given from the funds of the bankrupt's estate a sufficient sum of money to satisfy this judgment upon the condition that he would pay the amount remaining due appellee. Under such circumstances, having received the amount of this judgment from the estate of the bankrupt with the understanding and agreement that

he should apply it by paying off the judgment in favor of appellee, appellant cannot now come into a court of equity and ask to have the lien of this judgment removed as a cloud on his title, and thus escape making the payment which in good conscience and fair dealing he is bound to make.    To permit him to do so would be to enable him to appropriate to his own use property of the bankrupt's estate which he in good faith was bound to apply to the extinguishment of the debt due from the bankrupt to appellee.    The familiar maxim, "He who seeks equity must do equity," applies in this case.

Appellant contends that this is not an equitable proceeding but is purely statutory.    Our statute simply enlarges the ancient equitable remedy in reference to bills to quiet title.    Proceedings had under the enlarged jurisdiction of the court remain equitable and in their consideration and determination all the rules of equity apply.    In *Bennitt* v. *Star Mining Co.* 119 Ill. 9, (a bill to quiet title and for injunction,) we held that as the complainants in the bill had voluntarily sought the aid of a court of equity they should be compelled to observe the requirements of the maxim we have just quoted.    That this is an equitable proceeding is so well established that we deem the further citation of authorities unnecessary.

The validity of the *nunc pro tunc* judgment is questioned and numerous reasons urged why it does not constitute a valid and subsisting lien.    In the view we have taken it is immaterial whether a proper judgment was entered under the *nunc pro tunc* order.    By virtue of the circumstances and conditions under which the appellant acquired title to the property in question he is not entitled to the relief he seeks in a court of equity, whether the judgment in question be, in fact, valid or invalid.

The decree of the superior court is affirmed.

*Decree affirmed.*