Michael Zimmer, Sheriff, for use of Thomas M. Hunter, Bailiff, Defendant in Error, v. Lyon & Healy and Thomas Cratty, Plaintiffs in Error.

## Gen. No. 19,186.

1. JUDGMENT, § 206*—*when joint judgment may be entered on verdict against "the defendant."* A verdict against "the defendant" in a case where there are two or more defendants is sufficient to support a judgment against all the defendants, where it is responsive and the evidence in the record amply warrants a verdict and judgment against all the defendants.

2. APPEAL AND ERROR, § 1522*—*when irregularity in form of verdict not reversible error.* Where a judgment must necessarily be against all the defendants or against none, the fact that the jury rendered a verdict against "the defendant," without other designation, instead of against the defendants is a mere irregularity and not reversible error where the defenses made were common to all the defendants.

3. REPLEVIN, § 208*—*when informal verdict in suit on bond may be corrected by court.* In an action on a replevin bond, where the verdict was informal in not showing a finding of the amount of the debt, the court may correct the verdict, and put it in proper form.

4. REPLEVIN, § 212*—*when entry of judgment on informal verdict harmless.* Where a verdict in a suit on a replevin bond is informal in not showing a finding of the amount of the debt, the entry of a judgment on such verdict is harmless.

5. ATTACHMENT, § 259*—*when "half sheet" does not purport to constitute judgment or evidence as to issuance of special execution.* An instrument designated to be a "half sheet," which was apparently the clerk's memoranda or the judge's minutes in an attachment proceeding, *held* not to purport to be the record of attachment judgment or the language of the judgment, and not to constitute evidence that no special execution was issued on the attachment judgment.

6. ATTACHMENT, § 158*—*duration of lien after judgment.* Property levied on in an attachment suit is in contemplation of law in the hands of the officer making the levy, and his possession for the use of the attachment creditor is sufficient possession to prevent the acquiring of a superior lien during the interval between judgment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and the issuing of a special execution, if such execution is issued in a reasonable time.

7.   REPLEVIN, § 169*—*what not a defense in suit on bond.* Where the seller of property under a condition contract of sale replevied the property from an officer, who attached the property while in the possession of the buyer and the replevin suit was decided in favor of the officer, *held* in a suit on the replevin bond that the seller was in no position to urge that the attachment lien was lost for failure of the attachment creditor to have a special execution issued in the attachment suit, where it appeared that he failed to return the property and that under a writ of *retorno habendo* the officer was unable to find the property so that it could be sold under such execution.

8.   REPLEVIN, § 192*—*when judgment on bond not excessive.* In an action on a replevin bond, a judgment in favor of plaintiff for $100 *held* not excessive.

9.   ATTORNEY AND CLIENT, § 52*—*presumption as. to retainer.* In the absence of proof to the contrary, the legal presumption is that the attorney who brings a suit in the name of another has been retained for that purpose.

10.   REPLEVIN, § 203*—*when evidence makes prima facie case for plaintiff in suit on bond.* In an action on a replevin bond, evidence *held* sufficient to establish a prima facie case for plaintiff, where it showed that plaintiff had attached the property while in the hands of the obligor's vendee under a condition contract of sale, that pending that suit the defendant replevied it and that the replevin suit was decided in the plaintiff's favor.

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914.

CHARLES S. KNUDSON, for plaintiffs in error.

J. SCOTT MATTHEWS, for defendant in error; EDWARD B. LUCIUS, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

In an action of debt on a $300 replevin bond, judgment was entered for $100 as damages against Lyon & Healy, a corporation, as principal, and Thomas Cratty

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

as surety, plaintiffs in error, in a jury trial. The affidavit of defense is, in substance, that in the replevin suit no evidence was heard upon the merits; that that suit was dismissed for want of prosecution and that judgment was entered therein for defendant in error awarding the writ of *rotorno habendo* without costs; that a valid writ of *rotorno habendo* was never issued therein and that defendant in error had no valid claim or lien on the property replevied; that plaintiff in error. Lyon & Healy was the owner of the Victrola and the ninety-nine records replevied prior to and at the beginning of this suit, and still is the owner thereof.

To sustain his suit defendant in error introduced in evidence the replevin bond in the replevin suit of *"Lyon & Healy v. Thomas M. Hunter, bailiff,"* a certified copy of the judgment in replevin, a document designated as "half sheet" in the replevin case and showing the issue of the writ of *retorno habendo*, the writ of *rotorno habendo* and the return thereon showing demand on Lyon & Healy and a failure to find or obtain the property replevied; and, also, proof of the value of the property replevied with a stipulation that $20 was a reasonable attorney's fee for prosecuting the replevin suit, if allowable; and a conditional sale note to Lyon & Healy for $150, dated October 7, 1910, payable in monthly instalments of $10 with 6 per cent interest, the first of which was due November 7, 1910, signed by J. Carlisle De Vries, in whose hands the property had been attached August 23, 1911, by Chicago Men Specialist Company, beneficial plaintiff in the court below in the instant suit, said note providing that the title to said Victrola No. 16 shall remain in the vendor, Lyon & Healy, as long as any part of said note remains unpaid, etc., with indorsements showing $80 paid thereon.

For the purpose of showing that no execution ever issued "on the attachment judgment," as stated to the court, plaintiffs in error offered in evidence a docu-

ment designated as "half sheet" in said attachment suit, on which sheet, among other entries, are the following, to wit:

"Date 1911

9/1  Postp to October 16—9:30 A. M. Pub.

10/25  Deft defltd on noc by pub

11/2  das assess by Ct Three hundred sixty seven 33/100 dol ($367.33) attach sust judg on deflt & assmt das v deft Three hundred sixty seven 33/100 dol ($367.33) &c & spec. exec."

They also offered in evidence the attachment writ in said suit and the affidavit showing the attachment of personal property of J. Carlisle De Vries other than said Victrola and the records, and said conditional sale note, and a written demand upon defendant in error for the return of the Victrola and records to Lyon & Healy, dated September 12, 1911. The usual motions for a directed verdict for plaintiffs in error were denied by the court.

The verdict of the jury was: "We, the jury, find the issues against the defendant—, and assess the plaintiffs' damages at the sum of One hundred and No/100 dollars ($100.00)." The judgment entered by the court, as certified by the clerk and by the trial judge in the stenographic report of the proceedings before the court at the trial, was against all the plaintiffs in error for $100 damages and costs of suit. A verdict against "the defendant" in a case where there are two or more defendants is sufficient to support a judgment against all the defendants where it is responsive and the evidence in the record, as in this case, amply warrants a verdict and judgment against all of the defendants. This judgment must necessarily have been against all the defendants or against none of them, and the fact that the jury rendered a verdict against "the defendant" without other designation, instead of against the defendants, is a mere irregularity and is not reversible error, as the defenses made

in the case were common to all the defendants, every one of which must necessarily fail as to all of the defendants if it fails as to any one of them. *West Chicago St. R. Co. v. Horne,* 197 Ill. 250.

The verdict is also informal in not showing a finding of the amount of defendant in error's debt which every one connected with the suit at all times knew to be $300, the amount of the replevin bond. The jury found the issues against the defendant and found the amount of damages defendant in error was entitled to recover, and those were the very subjects of inquiry and the only ones unknown at the beginning of the trial. The court had a right to correct the verdict and put it in the proper form, but the entry of judgment on it as returned is harmless error under sections 2 and 3 of the Statutes of Amendments and Jeofails. (J. & A. ¶¶ 301, 302), and section 77 of the Practice Act, (J. & A. ¶ 8614). *Italian-Swiss Agricultural Colony v. Pease,* 194 Ill. 98; *George J. Cooke Co. v. Burke,* 148 Ill. App. 155.

The judgment in attachment appears to have been rendered November 2, 1911, for $367.33, with an order for a special execution. The property attached was replevied by Lyon & Healy and received thereby by it September 18, 1911, and it has been so disposed of by it that the officer was not able to obtain or locate the same, as shown by the return on the writ of *rotorno habendo.* It is now claimed by plaintiffs in error that the lien of the attachment was lost to defendant in error, because no execution was issued immediately after the judgment in attachment was rendered, and that the judgment itself with order for special execution was no lien on the property, and that the lien acquired by the service of the attachment was merged in the judgment and thereby lost or suspended until execution shall issue. It is thereby argued that Lyon & Healy's title became superior to that of defendant in

error the moment judgment in attachment was rendered, as it then had the property in its possession and to which it was entitled as against all the world, except as to creditors or purchasers of its vendee securing prior rights thereto, while in the hands of such vendee. It is also claimed that there is no valid judgment in attachment and that the record so shows by the document of plaintiffs in error introduced in evidence and designated as "half sheet" in the attachment suit. Those positions are untenable. The "half sheet" referred to was not proved to be and does not purport to be the record of the judgment in attachment or the language in that judgment. There is, therefore, absolutely no evidence in the record as to what is the language or form of that judgment, and, therefore, the cases of *Stein v. Meyers,* 253 Ill. 199, and *City of Chicago v. Mitchell,* 256 Ill. 236, holding that a judgment in the language or abbreviations found in said "half sheet" is not in the English language and, therefore, invalid, are not in point here. That "half sheet" is apparently the clerk's memoranda or the judge's minutes in the attachment suit, showing the different steps taken in the case, and was not offered as the judgment or record of the judgment, but for the purpose of showing that no execution was issued, a fact which the judgment record would not ordinarily show. There is no other proof than the "half sheet" to show there was no execution issued, and the sheet does not amount to such proof. We do not know what that "half sheet" is and the record does not advise us. We cannot assume in the absence of proof that the judgment in attachment was void, or that no execution issued thereon. A similar "half sheet" was exhibited by defendant in error in the replevin suit with similar strange language or abbreviations. The certified copy of the judgment in replevin was entirely different and written in good English. Hence, we conclude the "half sheets" referred to must be mere minutes of

those judgments. If there was a valid judgment in attachment for $367.33 with an award of a special execution, as indicated by the record, it would be a lien on the property attached dating from the levy of the attachment, and would continue to be such a lien thereon for at least a reasonable time without the issuance of an execution. *Moore v. Hamilton,* 7 Ill. 429; *Martin v. Dryden,* 6 Ill. 187; *A. D. Juilliard & Co. v. May,* 130 Ill. 87.

The property levied on in an attachment suit is, in contemplation of law, in the hands of the officer making the levy, and his possession for the use of the attaching creditor is sufficient possession to prevent the acquiring of a superior lien during the interval between judgment and the issuing of the special execution, if it issues in a reasonable time. That possession of the officer was interfered with by Lyon & Healy in its replevin proceedings, and until it returned the property to the officer as it was legally required to do by the order of the court in the replevin suit, it was not in a position to complain of the failure of a special execution to issue in the attachment suit. No sale of the property could be made until the property could be found, and that was sufficient excuse for not issuing the execution, if it was not issued.

The evidence of the defendant in error made a prima facie case, and he was entitled to recover unless plaintiffs in error proved their allegations that Lyon & Healy was the owner of the property replevied, or that it had a superior lien on the same, or that defendant in error had no right or claim to the property whatever. The burden of proof was upon them to prove those allegations, and failing to prove any of them judgment was properly given to defendant in error. *Magerstadt v. Harder,* 199 Ill. 271.

The damages were not excessive. The proof was ample that the reasonable cash value of the Victrola was $80 or more, and defendant in error was prop-

erly allowed $20 more for attorney's fees. The judgment in attachment was for $367.33, and there is no evidence in the record that all the other property levied on including the Victrola was worth more than that sum.

The proof in this record did not show that defendant in error's attorney was not authorized to bring and prosecute this suit. In the absence of proof to the contrary, the legal presumption is that the attorney who brings a suit in the name of another has been retained for that purpose. *Bell v. Farwell,* 189 Ill. 414.

The conditional sale note which permitted the possession of the Victrola to remain in the vendee was invalid as against attaching creditors of the vendee, and its introduction by defendants in error did not debar him from recovery. The evidence disclosed that defendant in error had attached the property in the hands of the vendee, and that pending that suit Lyon & Healy replevied it from the officer, and that the replevin suit was decided in the officer's favor. That was a prima facie showing that defendant in error was entitled to recover in this suit which plaintiffs in error never overcame.

No reversible errors are shown in the record, and the judgment is affirmed.

*Affirmed.*