### Ben Abramowitz, Appellee, v. N. Langknecht, Appellant.

### Gen. No. 20,977.

1. JUDGMENT, § 242*—*when not invalidated by abbreviations in minute.* While a minute of the proceedings in a cause is ineffective as a record of a judgment as being in conflict with section 18 of the schedule of the Constitution of 1870, requiring all judicial pro-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ceedings to be in the English language, yet such a minute is sufficient to enable the clerk properly to enter a judgment of record.

2. JUDGMENT, § 242*—*when insufficiency of record does not affect validity of judgment.* Although the record of a judgment as it stands may be invalid, by reason of the use of abbreviations, the judgment is not thereby rendered invalid, as it is within the right and power of the judgment creditor to have a valid record of the judgment entered.

3. QUIETING TITLE, § 11*—*when relief refused for failure to do equity.* In an action in chancery to remove a cloud on title, where the cloud sought to be removed was a sale under an execution issued to enforce a judgment which complainant still owed, on the ground that the record of the same was invalid as not being in the English language, a decree relieving against the judgment without decreeing the payment of the judgment as a condition precedent to the relief granted, *held* erroneous, as until such payment is made or tendered, complainant cannot be said to have done equity, the maxim, "He who seeks equity must do equity," being applied to the case.

4. QUIETING TITLE, § 62*—*when tender of equity essential in bill.* Whenever the object of an action is to remove a cloud on title, complainant must in his bill expressly offer to do equity.

5. QUIETING TITLE, § 84*—*when relief against payment of judgment debt denied.* In a suit in chancery to remove an alleged cloud in title, consisting of a sale on execution issued to enforce a judgment, the record of which was invalid as not being in the English language, a court of equity will not relieve against the judgment where complainant has had his full day in court and where it has been adjudged that complainant owes the judgment, as equity will not aid a party to avoid payment of a debt.

· Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded with directions. Opinion filed December 8, 1915.

**Statement by the Court.** The appellee, Ben Abramowitz, filed a bill in chancery in the Superior Court of Cook county against the appellant, N. Langknecht. The bill alleged that the appellee was the owner of certain real estate (describing it) of the value of $5,000; that on June 19, 1909, one Benjamin Glassman recovered an alleged judgment of $200 in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Municipal Court of Chicago against the appellee, and that said judgment was thereafter assigned to Leopold Saltiel; that the only record of said alleged judgment upon which the lien and levy hereinafter set forth were and are founded was the following:

"No. 39917　　　　　　　　Tort　　　　　　　1000

　　Papers filed and writs issued
1909
Feby. 25. Prae & state of claim fld sum iss retb
　　9:30 AM Mar 4 to Room No 1001
　　　demand for tr by J. & Affdts filed
Feby 27 Sum flg Nov 2-26 J
Nov 1 Exn iss 80264　　　　　B
Plff clks fees 1100 Deft Clrk's fees 2
Blff　　　　　　　100　　　　　　　　　　1000　00

Date　　　Papers filed and writs issued
Mch 4 App. fld.
June 2, 1909 Verd. Fld.
June 3, No. for new tr fld　　J
June 29, 09 stay of exec bond fld
June 28 Writ of error fld.
July 16 Not fld.
July 16 draft order fld.
Aug. 4 B. of ex fld
Aug 26 Trans iss to App Ct

　　Orders entered
Date Judge orders entered
June 2, 1909 Cottrell Tr by Jr Verd for Plff two
　　Hundred dollars Mo deft
　　N. T. end　　　　　　　　J
June 19, 1909 Cottrell Mo N. T. over. Judg on verd
　" 　" 　" 　$200.00 & costs Bond, $300.00
7/16 Hume deft time fl B x ext 30 ds as per
　　draft ord (see spl. Book page 410).
Date Memoranda or Postponements.
Mch. 4 09 Post to next Jury Calendar
June 2 1909 Postp June 5
June 5 1909 By agr Post June 12
June 12 Post June 19
　　OK transcript F. E. E. 8/4/09."

That on or about the 10th day of October, 1912, a certain *alias* execution issued upon such alleged judgment for the sum of $200 and $14 costs, and was delivered to Thomas M. Hunter, bailiff, who levied said execution upon the property of the appellee, and that on November 25, 1912, the said bailiff sold the premises to Leopold Saltiel for the sum of $269.45; that the judgment so recovered was and is invalid and of no force or effect by reason of the judgment appearing of record in unintelligible abbreviations of words; that the execution founded upon such invalid judgment was void and of no effect; that thereafter the bailiff issued a certificate of levy to said Saltiel; that the alleged judgment and execution were and are invalid and of no effect; that after the issuance of the certificate of levy, Saltiel sold, transferred and assigned the said certificate to the appellant, who is now the owner of the same, and in consequence of the alleged judgment, levy and sale, the title of the said real estate has become clouded and has the effect to greatly depreciate the value of the property and to prevent its sale. The bill prayed that the levy and sale be declared null and void, and as a cloud upon the title be removed and the certificate of sale be delivered up to be canceled; that the real estate be declared free and clear of the alleged judgment, execution and sale; that defendant be restrained by injunction from taking any proceedings with reference to the certificate of sale and that he be restrained from procuring or obtaining a deed to the property and from selling or transferring the certificate of levy.

To this bill the appellant filed the following plea: That on or about the 19th day of June, 1909, one Benjamin Glassman, in the Municipal Court of Chicago, recovered a judgment against complainant in the sum of $200 and costs of suit; that thereafter complainant appealed said case to the Appellate Court of Illinois for the First District; that on the 5th day of

October, 1911, said judgment of said Municipal Court was affirmed by said Appellate Court; that said judgment of affirmance has not been appealed from and still stands of record in said court; that the judgment which complainant alleges to be invalid is the same judgment which said Appellate Court has affirmed; that complainant is barred from questioning the validity of said judgment of the Municipal Court by reason of the fact that said judgment was, by the Appellate Court, declared a valid judgment and that the question of the validity of said judgment is now *res adjudicata*. Thereafter the appellant filed the following additional plea in substance: That complainant by giving bond in the Municipal Court of Chicago and suing out the writ of error in the proceedings in which the complainant now complains there was error, recognized the validity of said judgment and is now estopped from questioning the validity of the same. The cause was heard upon the bill, the two pleas and proof, and a decree was entered in accordance with the prayer of the bill. From this decree the appellant appeals. The facts in the case are admitted.

SALTIEL & ROSSEN, for appellant.

B. M. SHAFFNER, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

The appellant urges two grounds for the reversal of the decree: First, that the question of the validity of the record of the judgment in the case of *Glassman v. Abromovich* is *res adjudicata* as between the parties to the present proceedings; that it is *res adjudicata,* notwithstanding the fact that the appellee did not raise the said question in the Appellate Court, for the reason that the doctrine of *res adjudicata* extends to any matter properly involved and which might have been raised and determined by the Appellate Court on the

writ of error sued out by the appellee to review the judgment of the Municipal Court in the said case; second, that the appellee in his bill does not allege that he does not owe the amount of the judgment in the case of *Glassman v. Abromovich,* nor does he offer to pay to the appellee the amount of the said judgment, or to do equity between the parties, and the decree removes the alleged cloud caused by the judgment from the property of the appellee without compelling the latter to do equity to the appellant; that the maxim, "He who seeks equity must do equity;" applies to the present case, and that the appellee should have been denied the relief he sought, unless, as a condition precedent to the granting of the same, he was made to pay the appellant the amount of the judgment in the case of *Glassman v. Abromovich.*

A judgment was rendered against the appellee in the Municipal Court of Chicago in the case of *Glassman v. Abromovich.* The complainant had that judgment reviewed by the Appellate Court of this district, and that court in its opinion (*Glassman v. Abromovich,* 163 Ill. App. 388) sustained the judgment of the lower court.

The Supreme Court held (*Stein v. Meyers,* 253 Ill. 199; *City of Chicago v. Mitchell,* 256 Ill. 236) that a certain record of the clerk of the court of a so-called judgment (the entry in that case being similar to the one now before us) was, because of the manner in which it was made, in conflict with section 18 of the schedule of the Constitution, and was therefore invalid, and of no effect, as a record of a judgment. This branch of the Appellate Court held (*Hunter v. Empire State Surety Co.,* 191 Ill. App. 634; *Phelps v. Hunter,* No. 20,889, *ante,* p. 181), that while an entry like the one in question in this case was not itself the judgment, nor the formal record of the judgment, it still was a sufficient minute of the proceedings to enable the clerk to properly enter of record the judgment in the case.

While under the rulings of the Supreme Court, the record of the judgment in the case of *Glassman v. Abromovich, supra,* is invalid, nevertheless, it is within the right and power of the appellant to have a valid record of the judgment entered. The judgment of the court in that case is not invalid, even though the record of the same, as it now stands, is. The appellee owes the amount of the judgment that he asks to have removed as a cloud upon his title. He has not done equity, nor has he offered to do so, by paying the appellant the amount of the judgment, and it would be opposed to every principle of equity to permit him to obtain the aid he seeks, and that the decree gives him, without first compelling him to pay to the appellant the amount of the judgment. Cases, almost without number, might be cited in support of our position. We will refer to a few of them. *Winslow v. Noble,* 101 Ill. 194; *Byars v. Spencer,* 101 Ill. 429; *Chambers v. Jones,* 72 Ill. 275; *Reed v. Tyler,* 56 Ill. 288. Whenever the object of the action is the removal of a cloud on complainant's title, he must expressly offer in his bill to do equity. 32 Cyc. 1355.

The appellee relies upon the case of *Hooper v. Bank of Two Rivers,* 255 Ill. 549, in support of his contention that the complainant is not obliged to show that the judgment was unjust, nor is he obliged to pay the same, to entitle him to the relief he seeks. In that case Hooper filed a bill against the Bank of Two Rivers to remove a judgment lien as a cloud upon the title to certain real estate owned by him. It appeared that on July 10, 1907, the said bank recovered a judgment against Frederick J. Norton and Henry Rennick for $2,193.07, which was written up by the clerk of the Municipal Court in about the same form as was followed in the present case. On July 6, 1908, an execution was issued on the judgment. On September 14, 1909, Norton was declared a bankrupt, and a trustee was appointed of his estate. At the time the judgment

was entered and at the time he became a bankrupt, Norton was the owner of the premises in question. After Norton was declared a bankrupt, Hooper purchased the premises from the trustee and took possession thereof, and thereupon the bank threatened to sell the same on the said execution in satisfaction of the said judgment, whereupon the bill was filed. While the court held that Hooper—whose situation in that case was not like that of the complainant in the present proceedings—was entitled to have the alleged judgment lien removed as a cloud upon his title without showing that the judgment was unjust, and without paying the same, nevertheless, the court strongly intimates that if Norton and Rennick were the complainants, a different rule would apply.

The appellee in the present case was not warranted in seeking the aid of chancery. He has had his full day in court, and it has been adjudged that he owes the judgment that he calls a cloud upon his title, and equity will not aid him to avoid the payment of his debt. The decree of the Superior Court of Cook county will be reversed and the cause remanded with directions to the chancellor to dismiss the bill of the appellee for want of equity.

*Reversed and remanded with directions.*