Columbus C. Van Horne, Appellee, v. Herbert L. Harford and George E. Wilkinson, Appellants.

Opinion filed March 4, 1937.

GREEN, VERLIE & HOAGLAND, of Alton, for certain appellant.

O'NEILL & O'NEILL, of Alton, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This case was before us before (280 Ill. App. 576), in which we reversed the judgment, holding that judgment taken in one court could not be revived in a court to which said judgment is transcripted.

The case comes here now on appeal from the city court of Alton, to which the cause was transferred after the aforesaid reversal. Judgment was had on a scire facias proceeding to revive a judgment of $980.41. When the case was filed, the defendants filed a plea of *nul tiel* record and insist here that that plea was good and is good as shown by this record, and the court erred in not sustaining the plea upon the record.

Plaintiffs offered in evidence plaintiffs' Exhibit 1 and plaintiffs' Exhibit 2, which are in substance as follows:

*Plaintiff's Exhibit 1.*

"Judge's Common Law Docket.

December Term 1913.

| | |
|---|---|
| COLUMBUS C. VAN HORNE<br>vs.<br>HERBERT L. HARFORD and<br>GEORGE E. WILKINSON. | ASSUMPSIT. |

"Dec. 10 Default; Dec. 12 Motion to set aside default; Dec. 15, Motion to set aside default denied; Dec. 18 damages assessed in favor of plaintiff and against defendant at Nine Hundred Eighty Dollars

and Forty One Cents; judgment for plaintiff for that amount and costs; exceptions by defendants and appeal prayed to 4th District App. Ct. and allowed upon defts. filing bond in sum of $1,200.00 surety to be approved by clerk and bill of exceptions to be filed 40 days from date."

*Plaintiff's Exhibit 2.*

"Law Record B, Page 394.

Dec. Term, 1913.

COLUMBUS C. VAN HORNE
vs.
HERBERT L. HARFORD and
GEORGE E. WILKINSON.
} ASSUMPSIT.

"Dec. 10th. Default; Dec. 12, motion to set aside default; Dec. 15, motion to set aside default denied; Dec. 18, Damages assessed in favor of plaintiff and against defendant at Nine Hundred Eighty Dollars and Forty One Cents, judgment for plaintiff for that amount and costs; exception by defendants and appeal prayed to 4th Dist. App. Court and allowed upon defendants filing bond in the sum of $1200.00 surety to be approved by clerk, bond and bill of exceptions to be filed 40 days from date."

To sustain their position of *nul tiel* record defendants offered in evidence the judgment docket which had been kept by the city court of Alton for many years, but in lieu of the offer of this large record the parties stipulated as follows:

"STIPULATION.

"It is stipulated and agreed, by and between the parties to this cause, through their respective counsel, that the record identified as Defendant's Exhibit A does not contain a record of any judgment in favor of

Columbus C. Van Horne against Herbert L. Harford and George E. Wilkinson; that said exhibit does not disclose any record of a judgment such as is alleged to appear of record in the Writ of Scire Facias issued in this cause to revive a judgment.''

The trial court found the issues for the plaintiff and entered its judgment reviving the judgment as aforesaid. The defendants bring the record here on appeal.

On the authority of *People v. Jarecki,* 352 Ill. 207, we are of the opinion that there was a record of a judgment in the city court of Alton. Plaintiff's Exhibits 1 and 2 show that. In the above case our Supreme Court said:

''A judgment at law becomes effective as soon as it is pronounced by the court. In the nature of things a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc.* (Black on Judgments, sec. 106.) It dates from the time it was pronounced and not from the time it was entered upon the record by the clerk. (*Chicago Great Western Railroad Co. v. Ashelford,* 268 Ill. 87; *Forest Preserve District v. Kean,* 303 id. 293.) The rendition of the judgment is the act of the court and can ordinarily be proved only by the record. The judgment exists, however, from the time the court acts, even though it has not been formally written by the clerk. The statute contemplates that judgments, decrees and orders may not be immediately entered of record. (Smith's Stat. 1931, chap. 25, secs. 14, 15.) Judicial notice is taken that the record is frequently not enrolled during the term at which an order is made or judgment rendered. (*People v. Petit,* 266 Ill. 628.)''

It would seem a harsh doctrine indeed for one to recover a judgment on a meritorious cause of action in a court which had authority to pronounce it and did so pronounce it, and then because of some clerical error or omission have the court's action rendered void. The proper procedure is for the court to enter its minutes awarding judgment, for the clerk then to "write up" this judgment into expanded form in the permanent record, then place the statutory memoranda on the other book required to be kept, known as the "Judgment Docket." The judgment docket, which is more or less of an index or memoranda, does not constitute the judgment. It is only abbreviations of the judgment. If one calls at the office of the clerk and asks for a certified copy of a certain judgment he does not get what is on the judgment and execution docket, but he gets what is on the permanent record. Under the evidence in this case we are of the opinion that the plea of *nul tiel* record cannot avail.

As to the "s" left off of the word "defendant," it was held in *West Chicago Street R. Co. v. Horne,* 197 Ill. 250, and *Zimmer v. Lyon & Healy,* 190 Ill. App. 642, that such irregularity is wholly immaterial. If looking into the record the verdict can be seen to be responsive, it will be sustained.

We find no error in this record warranting its reversal. The judgment of the city court is affirmed.

*Judgment affirmed.*